### DAVIS et al. v. VOLUNTEER STATE LIFE INS. CO.

#### No. 5458.

Court of Civil Appeals of Texas. Texarkana.

Dec. 27, 1939.

Rehearing Denied Jan. 18, 1940.

Wilkinson & Wilkinson and F. B. Caudle, all of Mt. Vernon, for appellants.

Lee A. & Allen Clark, of Greenville, and Medona Bonner, of Dallas, for appellee.

WILLIAMS, Justice.

This litigation involves the question of usury. Mrs. Ruby Davis and husband, plaintiffs below, executed and delivered to Bonner Loan & Investment Company a series of notes dated November 1, 1925, in the sums of $100, $150, $150 and $1,100, due November 1, 1926, 1927, 1928, and 1935, respectively, bearing 7% interest per annum evidenced by coupons attached to the notes. This series, secured by a first deed of trust lien on 75 acres of land in Franklin County, was, with the lien, promptly assigned to the Volunteer State Life Insurance Company, defendant below. As part of the loan transaction plaintiffs also executed a note for $237, payable in installments, and secured by a second deed of trust lien on same land. This represented an additional interest charge of 2% per annum. This note was retained by and subsequently paid to the Bonner Company, and the installment payments made on this note are not here involved. The notes for $100, $150, and $150 were paid as they matured. Plaintiffs paid to defendant accrued interest of $49.50 on the first three notes, and $77 interest annually on the $1100 note for nine years, or a total of $752.50. The principal on the last note and the interest due on November 1, 1935, and 1936, all being past due and unpaid, the land was sold on June 1, 1937, by a substitute trustee under provisions of the deed of trust. Defendant became the purchaser at the bid price of $1,000.

Plaintiff seeks to set aside the foreclosure sale and to have the interest payments of $752.50 credited now on the principal. And in the alternative, if the foreclosure sale be held valid, they seek judgment against defendant for the sum of $1,000, the value of the property taken, less $347.50 they now claim to be due on the principal. No claim was made that usurious interest was actually paid.

Upon trial to the court the relief sought was in all things denied. The charge of usury here urged is grounded upon the acceleration clause in the $237 note and the second deed of trust lien. The provision in the $237 note reads:

"If any of said installments shall not be paid when due then all sums herein agreed to be paid shall become due and payable at the option of the holders hereof without notice, and bear interest at the rate of ten per cent per annum from maturity until paid * * *.

"This note is secured by a Deed of Trust on Real Estate in Franklin County, Texas, and is made and executed under and is to be construed in accordance with the laws of the State of Texas."

The clause in the $237 note reading "all sums herein agreed to be paid shall become due and payable" did not authorize the collection of unearned interest. Phrases of similar import supporting this conclusion are discussed in Donley v. Travelers Ins. Co., Tex.Civ.App., 84 S.W.2d 815; Zapalac v. Travelers Ins. Co., Tex.Civ.App., 84 S. W.2d 818; Welfare v. Realty Trust Co., Tex.Civ.App., 85 S.W.2d 1067; Lincoln Nat. Life Ins. Co. v. Anderson, 124 Tex. 556, 80 S.W.2d 294.

In that paragraph of the second deed of trust providing for the sale of the property and distribution of the proceeds is found the clause set in parenthesis in the original instrument (as so shown below) upon which appellant also relies to hold the contract as tainted with usury, which paragraph reads as follows:

"But if any default shall be made in the payment of any part of said indebtedness, or of any of said installments, or in the performance of any covenants * * * herein or of said First Deed of Trust, then, in any such event, the Trustee shall * * * at the request of the holder of any past due and unpaid installment on said note, * * * sell the property hereby conveyed, subject to the lien of said Deed of Trust and subject also to the lien of this instrument for unmatured installments, if any, on the note hereby secured (it being agreed that the holder of this note may at his option declare the entire note due and payable) to the highest bidder for cash, * * * subject, however, to the lien of said First Deed of Trust and to the lien of this instrument for unmatured installments, if any, on the note hereby secured, and shall receive the proceeds of such sale, which he shall pay and disburse as follows, to-wit:

" * * * Second, to the payment of the amount due and delinquent on the note hereby secured.

"Third, to the payment of any delinquent notes or interest, or any taxes, * * * or other sums due under the terms of said First Deed of Trust, according to the terms thereof * * *."

Plaintiffs recognize that in the construction of contracts all written instruments whereby a single transaction is consummated are to be taken and construed together. 10 Tex.Jur. p. 286, Sec. 166. And, "if there be inconsistencies and conflicts, they should be construed together so as to give effect to the intention of the parties as collected from the whole contract." Clement v. Scott, Tex.Civ.App., 60 S.W.2d 258, 260, and cases therein cited.

With the above rules in mind, it is to be observed that in the same paragraph of the second deed of trust which contains the acceleration clause we find the further provision in event of sale to apply the proceeds, "Second, to the payment of the amount due and delinquent on the note hereby secured; and Third, to the payment of any delinquent notes or interest due under the first D. T." These clauses if not contradictory to the acceleration clause therein, at least are evidentiary of the intent and explanatory of the phrase used in the acceleration clause. The use of the term "delinquent" is of probative force as indicating the intent not to collect on any installment prior to its due date. Ordinarily a debtor would not become delinquent on a payment prior to its due date.

Pursuing the inquiry further to ascertain the intent of the parties as collected from the whole contract, the acceleration clause in the first deed of trust provides that in case of default; "each of said notes secured hereby shall at the option of the legal holder or holders thereof at once become due and payable with all interest accrued." And in case of sale the trustee is directed to apply the proceeds, "Third, to the payment of the full amount due on said note or notes, including principal, interest and attorney's fees * * *." The acceleration clause in the principal notes are of like import. These provisions would not authorize the application of the proceeds under a sale to the payment of unearned interest. The intent is here clearly expressed to collect only the principal and accrued interest earned to the date the option is exercised.

The foregoing provision with the intent so disclosed, which also throws light upon the use of the word "delinquent", became a part of the second deed of trust, being specially adopted in the second deed of trust by clauses therein which read:

"This deed of trust is subject to a first deed of trust of even date herewith executed by the undersigned to * * * securing the payment of four notes aggregating $1500. This note is given for a part of the agreed interest on the notes secured by said first deed of trust. * * *

"All the covenants, stipulations and agreements of said first deed of trust, all of which are adopted and made a part of this instrument as fully to all intents and purposes as if written at length herein. * * *."

If the provisions herein discussed be susceptible of more than one reasonable construction under the rule stated in Walker v. Temple Trust Co., 124 Tex. 575, 80 S. W.2d 935, the court will adopt the construction which comports with legality. It is presumed that in contracting, parties intend to observe and obey the law. To the same effect see the holdings in all the cases above cited and authorities therein in each discussed.

Under the 6th, 7th and 8th propositions plaintiffs contend that the sale under the first deed of trust by the substitute trustee is void because the request to sell was made by the assignee of the note and not by the Bonner Company, the original holder and payee. This will not be sustained because this deed of trust grants to the holder of said note the right to request such sale and the appointment of a substitute trustee. In the trial litigants agreed that Rubey, the original trustee, refused to act and duly resigned as such; that all the proceedings relating to his resignation and the appointment of the substitute trustee, the demand by defendant that this substitute trustee proceed to sell the property, notice of sale and "in fact everything from the demand that Rubey sell, to the execution of the substitute trustee deed, inclusive, were done and performed in exact accordance with the terms of the deed of trust."

Under the 9th proposition plaintiffs assert "that because of negotiation between litigants preceding the sale they were reasonably led to believe that no foreclosure sale would be made of the land without personal notice to them, and such notice not being given them the sale was invalid," citing John Hancock Ins. Co. v. Howard, Tex.

Civ.App., 85 S.W.2d 986. Considerable correspondence passed between litigants after maturity of the $1,100 note and prior to the sale, which reflects the efforts of plaintiffs to refinance the loan with another company, in which efforts defendant cooperated. The correspondence further reflects the efforts of defendant to help plaintiffs negotiate a sale to a third party. Plaintiffs testified that they knew nothing of the land being posted for sale or of the sale until several days subsequent thereto. They do not contend that defendant promised to give them a personal notice of the posting of the land for sale. The trial court heard the foregoing and other evidence bearing upon this proposition and by the judgment rendered has found adversely to plaintiffs' contention. In support thereof it is sufficient to point out that in a letter of April 30, 1937, addressed to plaintiffs' attorney defendant wrote, "We have declared the entire debt due and payable without further notice and have referred the papers to our legal department for immediate action. * * *" And then on April 21, 1937, Davis was advised by letter that the writer had "been instructed to post this property shortly after the first of the month for sale on the first Tuesday in June." In the Hancock case, supra, there was a finding of a promise to give a personal notice of the sale, inadequacy of price, and ability to meet the indebtedness, all of which are absent here.

In view of the conclusions reached, it becomes unnecessary to discuss the other propositions raised.

The judgment of the trial court is affirmed.