Horace NELMS, Appellant,

v.

C. B. DELHOMME, INC., et al., Appellees.

No. 3803.

Court of Civil Appeals of Texas.

Waco.

Nov. 3, 1960.

Rehearing Denied Nov. 23, 1960.

Bryan & Patton, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Olan B. Lowrey, Houston, for appellees.

WILSON, Justice.

Appellant filed suit in the County Court at Law to recover $500, the amount of a deposit, and exemplary damages. Citation was promptly served on appellees and they answered by general denial. Three months after appellant's suit was instituted, appellees filed a verified plea asserting that subsequent to the filing of appellant's suit, they had filed a suit against him for over $2,000 in the district court for a debt "which was owing to defendant by the plaintiff at the time the instant lawsuit was filed." They alleged the district court suit "is based on the identical issues presented in the instant lawsuit." They prayed that the present suit be dismissed.

Appellant's petition alleged he was induced to make the deposit to insure his right to buy a boat which was expected to arrive, if he later decided upon inspection that he wanted to buy it. There was no contention that his allegations as to jurisdiction were fraudulently made. The petition in the district court case shows that the action is on a written contract for purchase of the boat, on which it is alleged appellant made the deposit.

The court dismissed appellant's action without prejudice "because the jurisdictional limitation on the County Court precluded its giving full remedy to the claim of defendants", and "to try in the County Court the lawsuit filed by plaintiff would be in contravention of the policy of the law to avoid multiplicity of suits, as well as the policy to encourage the amicable settlement of difficulties." The judgment reserved to appellant the right to file a cross-action in the district court suit.

We are not familiar with any decision or rule by which a litigant's action may be removed from the tribunal where it belongs by the mere device of subsequent filing of a suit by the defendant in another court for a larger sum. To permit a court to be divested of jurisdiction by this expedient would frequently make it difficult or impossible for a suit of this nature to be maintained in justice court, county court, or county court at law.

Cases in which actions are abated because of prior pendency of another action in a court of co-ordinate or concurrent jurisdiction are not pertinent here. Appellant's action was first filed. Neither is Rule 97, Texas Rules of Civil Procedure, determinative. Rule 816 announces that it does not extend or limit jurisdiction. Under Art. 1970–79, Vernon's Ann.Civ. Stats., and Article 5, Section 16 of the Texas Constitution, Vernon's Ann.St., jurisdiction was vested in the trial court.

In Hardeman v. Morgan, 48 Tex. 103, 106, where the trial court had no jurisdiction of plaintiff's action, the Supreme Court observed that defendant could bring an independent suit for the subject matter of his reconvention "without regard to the tribunal in which the plaintiff's action may be pending"; but if he chose to file a cross-action he could not "take the plaintiff's case from the tribunal where it belongs, and whose jurisdiction has properly attached," any more than he could litigate the cross-action in a court which had no jurisdiction of it.

We do not believe public policy as to avoiding multiplicity of suits, or as to encouraging amicable settlement, as urged by appellee, should override a clear con-

stitutional and statutory establishment of jurisdiction. Neither do we believe the principle of estoppel by judgment, also stressed by appellee, should supersede the basic positive law which fixes jurisdiction of courts in the present situation. Forman v. Massoni, Tex.Civ.App., 176 S.W.2d 366, 368, writ refused. The judgment is reversed and the cause remanded with instructions to reinstate the cause.