Tom C. PINCKARD, Appellant,

v.

ASSOCIATED POPCORN DISTRIBU-
TORS, INC., Appellee.

No. 20480.

Court of Civil Appeals of Texas,
Dallas.

Jan. 16, 1981.

Larry Z. Sechrist, Dallas, for appellant.

Michael J. Collins, Burke & Johnson, Dallas, for appellee.

Before CARVER, STOREY and STEPHENS, JJ.

STEPHENS, Justice.

This case arises from a judgment of dismissal entered by the trial court pursuant to a plea in abatement. The principal question submitted is whether under the facts of this case, abatement is available. We conclude that it is not and, accordingly, reverse and remand.

On December 18, 1979, Tom C. Pinckard sued Associated Popcorn Distributors, Inc. in a county court at law on a sworn account alleging an unpaid obligation of $2,596.83. Associated Popcorn answered by plea in abatement alleging that on February 1, 1980, Associated Popcorn filed suit against Pinckard in a district court, that such pending suit is between the same parties, and that the issues and subject matter are the same. The plea in abatement further alleges that the district court suit seeks damages in excess of $20,000 and therefore could not be brought as a counterclaim in the county court suit because the amount is beyond its jurisdictional limits. The trial court heard the plea in abatement, entered its order sustaining the plea, and dismissed Pinckard's suit.

Pinckard urges three points of error. First, that abatement of the earlier filed case, assuming both contain the same subject matter, is error; second, that an order of dismissal is not the proper remedy, even if abatement is in order; and third, that the trial court heard no evidence in support of the plea in abatement.

Pinckard's complaint under this first point of error is dispositive of the case and thus we need not address his second and third points. Pinckard brought this suit on a sworn account against Associated Popcorn in a county court at law having jurisdiction of the subject matter. By service of citation, the county court acquired personal jurisdiction of Associated Popcorn. Jurisdiction of the subject matter and the parties, once acquired by a county court cannot be divested by the filing of a subsequent suit in district court for a sum greater than the jurisdictional limits of the county court. *Nelms v. C. B. Delhomme, Inc.*, 340 S.W.2d 123, 124 (Tex.Civ.App.—Waco 1960, no

writ). To permit such action would be to encourage the divestiture of jurisdiction duly acquired in a county court by defendant filing a new suit involving the same parties and same subject matter for a larger sum in another court with a higher jurisdictional limit.

Associated Popcorn urges that abatement of the earlier filed suit does lie because its claim against Pinckard is a compulsory counterclaim under Tex.R.Civ.P. 97(a), and would therefore be barred if not urged in the county court case. The precise language of the compulsory counterclaim rule defeats this contention. Rule 97(a) reads in part: "(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim within the jurisdiction of the court . . . ." Because Associated Popcorn's claim exceeds the jurisdictional limits of the county court, it does not fall within the definition of compulsory counterclaim. *See Nelms, supra.*

Associated Popcorn further urges that abatement lies in the interest of public policy, to avoid a multiplicity of suits. We do not agree that the interest of public policy by the avoidance of a multiplicity of suits is of such magnitude that jurisdiction of a court, once acquired, should be divested. Jurisdictional limits of civil actions in county courts are governed by Tex.Const. art. V, § 16 and Tex.Rev.Civ.Stat.Ann. art. 1970a (Vernon Supp.1980). Pinckard's petition sought recovery of an amount within the jurisdictional limits of the county court and its jurisdiction once having attached could not be defeated by a counterclaim which exceeded the jurisdictional limits of the county court. *Kitchen Designs, Inc. v. Wood,* 584 S.W.2d 305, 306 (Tex.Civ.App.— Texarkana, 1979, writ ref'd n. r. e.).

For these reasons we reverse and remand.