**Donald G. GAGE, Appellant,**

v.

**TOM FAIREY COMPANY, Appellee.**

No. 05–84–00868–CV.

Court of Appeals of Texas,
Dallas.

April 26, 1985.

Rehearing Denied June 10, 1985.

Paul Schaumburg, Duncanville, for appellant.

Terrance Kendall, Austin, for appellee.

Before STEPHENS, ALLEN and McCLUNG, JJ.

STEPHENS, Justice.

This is an appeal from a trial court's order dismissing, with prejudice, a suit filed by Donald G. Gage against the Tom Fairey Company ("the Company") for damages under the Texas Deceptive Trade Practices Act, TEX.BUS. & COM.CODE

ANN. § 17.46 (Vernon Supp.1985) ("DTPA"). The trial court concluded that the suit was barred by res judicata. We disagree and, accordingly, reverse and remand.

Gage's petition alleges that he purchased a tractor from the Company on March 4, 1980. Prior to the March 4th purchase he had used the tractor under a lease arrangement. During the purchase negotiations Gage requested that the tractor's hydraulic system· be repaired before the sale was closed. The Company serviced the tractor and assured Gage that it was repaired, that he would have no further trouble with it, and that it was like a "brand new" tractor. Based on these representations Gage consumated the purchase. Within one month following that purchase he began to have problems with the tractor, and as a result he had to have subsequent repairs made. Gage seeks damages for the Company's: (1) misrepresentations, prior to purchase, that the tractor was repaired and in a "like new" condition; (2) misrepresentations that the tractor was of a particular standard, quality, or grade; (3) knowingly false or misleading statements of the need for parts, replacements, or repair service; and (4) failure to disclose information concerning the tractor which was known at the time of the transaction with the intent to induce him into entering a transaction which he would not have entered had that information been disclosed. Gage also seeks consequential damages.

The prior action, which the trial court concluded operated as res judicata to bar this case, was a suit on a promissory note for $4089.99, filed and pursued to final judgment by the Company against Gage, in a county court in Travis County. The Company contends that the trial court correctly determined the issue of res judicata because Gage raised the issue of repairs made to the tractor as a defense to the former suit and is therefore precluded from raising it as the basis of this suit. In Gage's answer to that prior suit he stated that:

> the note upon which Plaintiff bases its cause of action was given to Plaintiff as payment for repair work that Plaintiff performed on a John Deere 410 No. 318819. Defendant would show the Court that Plaintiff's repair work was faulty and in fact that the tractor was never properly repaired and prior to the maturity of the note the tractor was again out of service as result of Plaintiff's (sic) faulty repair and refusal to properly repair the machine. Plaintiff (sic) states that such faulty repair and refusal to repair said machine constitutes a failure of consideration such that negates Defendants obligation to paid said note.

■ In the present case, Gage did not file an answer to appellee's sworn plea in abatement asserting that those repairs which Gage raised as a defense in the prior suit are the same repairs of which he now complains.[1] No statement of facts has been filed in this court. In the absence of a statement of facts, we must presume the evidence presented at the hearing on appellee's plea in abatement was sufficient to support a finding that the repairs complained of in both suits are in fact the same. Therefore, we agree that Gage is precluded from raising the issues of whether the Company made those repairs to the tractor or whether the repairs were made properly. However, we do not agree that the preclusion of further litigation of those issues may serve as a basis for the dismissal of Gage's entire cause of action.

■ The rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been litigated in a former suit, as well as those which were actually litigated. *Segrest v. Segrest*, 649 S.W.2d 610 (Tex.1983); *Ogletree v. Crates*, 363 S.W.2d 431 (Tex.1963); *Gilbert v. Fireside Enterprises, Inc., d/b/a Fireside Lodge of Dallas*, 611

---

1. Res Judicata is a plea in bar and not a plea in abatement; however, we conclude that the misnomer is not controlling and the plea shall be considered as having been properly brought. *See Texas Highway Department v. Jarrell*, 418 S.W.2d 486 (Tex.1967).

S.W.2d 869 (Tex.Civ.App.—Dallas 1980, no writ). Gage's defense in the Travis County suit was failure of consideration. He urged that the repairs, which were the consideration for the promissory note, were either not made or were not made properly. Gage's reliance on appellee's representations regarding the quality of the tractor after those repairs were made, i.e. it was "like new," or on the Company's failure to disclose the probable need of subsequent repairs, in reaching his decision to purchase the tractor was irrelevant to the questions of whether the tractor was properly repaired in the first instance and whether Gage was liable on the note for those repairs. Further, Gage's cause of action for violations of the DTPA was not a compulsory counterclaim because the amount of damages appellant is seeking in the present suit is in excess of the jurisdictional limits of the Travis County court in which the prior suit was brought. *Pinckard v. Associated Popcorn Distributors, Inc.*, 611 S.W.2d 491 (Tex.Civ.App.—Dallas 1981, no writ). We conclude that Gage's cause of action for damages under the DTPA could not have been properly litigated in the prior Travis County suit either as a defense or as a counterclaim and that his cause of action is, therefore, not barred by res judicata. The trial court's order dismissing Gage's suit with prejudice is reversed and the case is remanded to that court for trial.