**Rodolfo R. MARTINEZ and Olivia G. Martinez, Appellants,**

v.

**CORPUS CHRISTI AREA TEACHERS CREDIT UNION, Appellee.**

**No. 13-87-473-CV.**

Court of Appeals of Texas, Corpus Christi.

Oct. 6, 1988.

Rehearing Denied Nov. 3, 1988.

**948**

Nolan K. Read, Bonilla, Read, Bonilla & Berlanga, Inc., Corpus Christi, for appellants.

Victor M. Carrera, Edinburg, Frederick J. McCutchon, Wood, Boykin, Wolter & Keys, Michael B. Sheehan, Delaney & Sheehan, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

Rodolfo R. Martinez and Olivia G. Martinez, appellants, brought suit in district court seeking to recover statutory penalties on an allegedly usurious note, and alternatively, for damages grounded in tort and contract. Corpus Christi Area Teachers Credit Union, appellee, thereafter filed suit in a county court at law seeking a deficiency judgment after appellants defaulted on the above note. All causes were consolidated in the district court. After reviewing appellee's two motions for summary judgment, the district court granted all relief sought by appellee. We affirm.

On August 14, 1979, Rodolfo R. Martinez received a car loan from appellee for the amount of $9,259.39, of which $2,476.42 represented the unpaid balance on a trade-in vehicle previously financed by appellee, $6,765.00 represented the amount required to finance a 1979 Oldsmobile, and $17.10 represented other costs. Mr. Martinez paid $13,282.15 for the car. He later stopped making payments on the note, however, when a disputed charge for insurance coverage was added to the balance on the note. On April 1, 1980, the car was repossessed, and on July 12, 1980, sold for $6,600.00. Sometime during this period the vehicle was allegedly vandalized. Mr. Martinez contends the car had a reasonable cash market value of $11,000.00 in Nueces County, Texas at the time it was repossessed.

On August 31, 1981, Mr. Martinez and his wife, Olivia G. Martinez, entered into a loan payment agreement with appellee for $4,900.00, consolidating the above deficiency and his outstanding signature loan. This note called for "interest on the unpaid loan balance at the rate of .49315 percent per day, an ANNUAL PERCENTAGE RATE of 18%, both before and after maturity, payable in 11 installments of ONE HUNDRED and NO/100 Dollars and 1 installment of FOUR THOUSAND SIX HUNDRED FIFTY FOUR and 40/100 Dol-

lars." Appellants thereafter defaulted on the payment of this note.

Appellants filed suit in district court against appellee on August 16, 1985, alleging that the August 31, 1981 note required them to pay a usurious rate of interest in the amount of .49315 percent per day. Appellants further alleged that appellee was both negligent and grossly negligent in the preparation of that note, and that the deficiency amount included in that note from the sale of the vehicle resulted from appellee's failure to exercise ordinary care in safekeeping the vehicle; from appellee's failure to exercise ordinary care in or to conduct a bona fide resale of the vehicle because the resale was neither timely, advertised, nor public; and from appellee's failure to secure a reasonable market value for the vehicle upon resale. Appellee filed suit in county court against appellants on October 15, 1985, alleging that appellants had defaulted in the payment of the August 31, 1981 note and that they were entitled to $4,323.11, plus interest, court costs and attorney's fees. All causes were consolidated in the district court. Appellee then filed two motions for summary judgment, one addressing appellants' causes of action and the other addressing its own cause of action. The district court granted both of appellee's motions for summary judgment in three orders; one order concerning appellants' causes, one order concerning appellee's cause, and a "Final Order" summarizing the relief granted under the other two orders.

■ When reviewing the granting of a motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the nonmovant and indulge every reasonable inference in its favor. *Nixon v. Mr. Property Management, Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Wilcox v. St. Mary's University,* 531 S.W.2d 589, 592 (Tex.1975). The movant's burden is to show that no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60

(Tex.1986); *Major Investments, Inc. v. De Castillo,* 673 S.W.2d 276, 279 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

By its fourth through seventh points of error, appellants contend that the trial court erred in holding that the August 31, 1981 note did not constitute a contract to collect a usurious rate of interest, because genuine issues of material fact existed on whether the parties contracted for a usurious rate of interest and on whether the note was usurious. However, appellants do not assert that appellee charged or received a usurious amount of interest. Appellants argue that since the note contracted for interest of .49315 percent per day which equates to an annual percentage rate of 179.999 percent, the note is usurious on its face, or, at the very least, presents a fact question regarding whether the parties contracted for a usurious rate of interest.

■ The essential elements of a usurious contract consist of a loan of money made with the understanding that the money loaned is to be returned, but which requires a greater rate of interest than allowed by law. *Robinson v. Rudy,* 666 S.W.2d 507, 509 (Tex.App.—Houston [1st Dist.] 1983, ref'd n.r.e.); *Pansy Oil Co. v. Federal Oil Co.,* 91 S.W.2d 453, 455–56 (Tex.Civ.App.—Texarkana 1936, writ ref'd). Moreover, mere "contracting for" usurious interest is in violation of the usury statutes even though no usurious interest was actually collected. *Cochran v. American Savings & Loan Assoc.,* 586 S.W.2d 849, 850 (Tex.1979); *Windhorst v. Adcock Pipe & Supply Co.,* 547 S.W.2d 260, 261 (Tex. 1977); Tex.Rev.Civ.Stat.Ann. art. 5069–1.06 (Vernon 1987).

■ The usury statutes, however, are penal in nature and are to be strictly construed. *Texas Commerce Bank v. Goldring,* 665 S.W.2d 103, 104 (Tex.1984); *Tygrett v. University Gardens Home Assoc.,* 687 S.W.2d 481, 485 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). The question of usury must be determined by a construc-

tion of all documents constituting the transaction, interpreted as a whole, and in light of the attending circumstances. *Walker v. Temple Trust Co.*, 124 Tex. 575, 80 S.W.2d 935, 936 (Comm'n App.1935, opinion adopted); *Woolard v. Texas Motors, Inc.*, 616 S.W.2d 706, 707 (Tex.Civ.App.—Fort Worth 1981, no writ). There is a presumption that the parties intended a nonusurious contract; when the contract by its terms, construed as a whole, is doubtful, or even susceptible to more than one reasonable construction, the court will adopt the construction which comports with legality. *Smart v. Tower Land & Investment Co.*, 597 S.W.2d 333, 340–41 (Tex.1980); *Ford Motor Credit Co. v. McDaniel*, 613 S.W.2d 513, 518 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); *see, e.g., Walker*, 80 S.W.2d at 936–37; *Tygrett*, 687 S.W.2d at 485; *Woolard*, 616 S.W.2d at 707–708. Moreover, where the parties agree to a specific payment schedule, that schedule determines whether the rate of interest is usurious or not, regardless of the percentage stated on the face of the instrument. *Ustick v. Jones*, 112 S.W.2d 703, 706 (Tex. Comm'n App.1938, opinion adopted); *Braniff Investment Co. v. Robertson*, 124 Tex. 524, 81 S.W.2d 45, 47 (Comm'n App.1935, opinion adopted); *Ashley v. Edwards*, 626 S.W.2d 107, 111 (Tex.App.—Houston [14th Dist.] 1981, no writ).

■ The note in question is ambiguous on its face. It requires payment of both a usurious rate of interest (.49315 percent per day), and a nonusurious rate of interest (18 percent per annum). However, the specific payment schedule found on both the note and disclosure form, both signed by appellants on August 31, 1981, expressly state figures which would amount to an annual interest rate of slightly less than 18 percent per annum. Moreover, the disclosure form shows a total finance charge of $854.37 if the loan is paid according to the payment schedule above, a figure also representing an interest rate of slightly less than 18 percent per annum.

We hold that the August 31, 1981 note is not usurious as a matter of law and that no fact issue exists. Thus, the trial court properly granted appellee's motion for summary judgment based on appellee's counterclaim for declaratory relief. Tex. Civ.Prac. & Rem.Code Ann. § 37.004 (Vernon 1986). We overrule appellants' fourth through seventh points of error.

By its eighth through tenth points of error, appellants contend that summary judgment was improper because a fact issue exists on whether appellee committed an accidental and bona fide error when it prepared the August 31, 1981 note stating interest at .49315 percent per day. Specifically, appellants argue that since the district court found that the note was not usurious, the district court never reached the issue of accidental and bona fide error.

■ When a defendant moves for summary judgment based on an affirmative defense, the defendant must prove every element of that defense as a matter of law. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310 (Tex.1984); *O'Shea v. Coronado Transmission Co.*, 656 S.W.2d 557, 560 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). It is well established that when a defendant offers several alternative theories why a summary judgment should be granted, and the court grants the motion on more than one theory or fails to state the basis of granting the summary judgment, the trial court's action should be affirmed if any of the defendant's several theories are meritorious. *Tijerina v. Wennermark*, 700 S.W.2d 342, 347 (Tex.App.— San Antonio 1985, no writ); *McCrea v. Cubilla Condominium Corp.*, 685 S.W.2d 755, 757 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

■ There is no penalty for usurious interest which results from an accidental and bona fide error. *Tyra v. Bob Carroll Construction Co.*, 639 S.W.2d 690, 691 (Tex.1982); Tex.Rev.Civ.Stat.Ann. art. 5069–1.06 (Vernon 1986). This affirmative defense was expressly plead by appellee in its third amended answer and presented to the trial court in its motion for summary

judgment on appellants' causes of action. George Harwell, the employee who prepared this note, stated in his affidavit filed in support of appellee's motion, that the incorrect designation of the daily rate of interest was an unintentional clerical error and was the result of an accidental and bona fide error on his part. Appellants did not controvert Mr. Harwell's affidavit. In fact, the record reveals that Mrs. Martinez admitted that she had no reason to believe that Mr. Harwell did anything other than simply make a mistake. Further, Mr. Martinez admitted that although he personally believed Mr. Harwell intentionally misstated the daily rate of interest to do him harm, he didn't "know for a fact that Mr. Harwell intentionally put down the interest on this note at .49315 percent per day," and he couldn't "say that Mr. Harwell intentionally misrepresented the interest rate per annum on this note at eighteen percent." Moreover, Mr. Martinez admitted that the daily rate of interest was not concealed, but out in the open and that he was never told he would be required to pay 180 percent per annum. Appellants submitted no other proof on this issue.

We hold that appellant has proven its affirmative defense of accidental and bona fide error as a matter of law. These grounds are implicitly found in the court's order stating the note was neither usurious nor constituted a contract to collect a usurious rate of interest. We overrule appellants' eighth through tenth points of error.

By their eleventh through thirteenth points of error, appellants contend the district court erred in granting appellee's counterclaim for declaratory judgment, because "no proper cause of action for declaratory judgment [was alleged]" and because appellants' "claims referred to in the counterclaim for declaratory judgment were [not] time barred."

Appellants first argue that declaratory judgment legislation may not be used in tort liability determinations. *KMS Research Laboratories, Inc. v. Willingham*, 629 S.W.2d 173, 174 (Tex.App.—Dal-

las 1982, no writ); Tex.Civ.Prac. & Rem. Code Ann. § 37.004 (Vernon 1986). We agree. However, a careful review of appellee's "third amended original answer and counterclaim for declaratory judgment" reveals that the document is divided into two sections; ie., the first being an original answer in which appellee states its affirmative defenses, and the second being a counterclaim for declaratory judgment. This counterclaim only contemplates the issue of whether the loan is usurious and requests a lawful construction from the court. Nowhere does this counterclaim request affirmative relief against appellants' causes of action grounded in tort. Moreover, the court's orders do not state it is granting "declaratory relief" for appellee in those matters. We hold the counterclaim was properly plead and granted on the matters stated therein. *Cf. Placid Oil Co. v. Louisianna Gas Intrastate, Inc.*, 734 S.W.2d 1, 5 (Tex.App.—Dallas 1987, writ ref'd n.r.e.) (counterclaim for declaratory judgment construing gas purchase contract held proper); *Contact Products, Inc. v. Dixico, Inc.*, 672 S.W.2d 607, 610 (Tex.App.—Dallas 1984, no writ) (counterclaim for declaratory judgment construing business purchase agreement held proper).

The remainder of appellants' argument relates to appellee's affirmative defense that appellants' alternate causes of action for alleged negligent preparation of the August 31, 1981 note and alleged unlawful disposition of collateral were time barred. Appellants assert that since appellee's cause of action was subsequently consolidated in the district court with appellants' causes of action, appellants' "original petition" should be considered as a "counterclaim." In this vein, appellants seek to invoke Tex.Civ.Prac. & Rem.Code Ann. § 16.069 (Vernon 1986), which provides that if "a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required," if it is

"filed not later than the thirtieth day after the date in which the party's answer is required."

The record reflects that appellants never filed a "counterclaim" against appellee, but that they rely entirely on the consolidation of the separate suits to transform their original petition into a counterclaim. However, it is generally known that a lawsuit filed by a party in district court seeking damages in excess of the jurisdictional limits of the county court at law, after the filing of a lawsuit by the opposing party in the county court at law arising out of the same transaction, is not a compulsory counterclaim to the county court at law action. *Cf. Gage v. Tom Fairey Co.*, 692 S.W.2d 127, 129 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Pinckard v. Associated Popcorn Distributors, Inc.*, 611 S.W.2d 491, 491–92 (Tex.Civ.App.—Dallas 1981, no writ). In fact, the Supreme Court has held that "the statute does not extend the limitation period when the claim was asserted as other than a counterclaim or cross claim." *Hobbs Trailers v. J.T. Arnett Grain Co.*, 560 S.W.2d 85, 88–89 (Tex. 1977); *see also Hornblower & Weeks–Hemphill, Noyes, Inc. v. Crane*, 586 S.W.2d 582, 589 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). Therefore, Section 16.069 does not extend the limitations period under the facts of this case.

Appellants' first alternate cause of action was based on the alleged failure to exercise ordinary care in the preparation of the August 31, 1981 note. Such an action sounds in tort. Appellants filed their original petition on August 16, 1985. Absent allegations of fraud, appellants' cause is barred by the two year statute of limtations. *See First National Bank v. Levine*, 721 S.W.2d 287, 288–89 (Tex.1986); *Church v. Ortho Diagnostic Systems, Inc.*, 694 S.W.2d 552, 555–56 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); Tex.Civ. Prac. & Rem.Code Ann. § 16.003 (Vernon 1986); *see also Southwest Bank & Trust Co. v. Bankers Commercial Life Insur-*

*ance Co.*, 563 S.W.2d 329, 331–32 (Tex.Civ. App.—Dallas 1978, writ ref'd n.r.e.).

Appellants' second alternate cause of action alleged both that appellee failed to exercise ordinary care in safekeeping appellants' repossessed vehicle, and that appellee failed to dispose of the vehicle in a commercially reasonable manner. Mr. Martinez stated in his affidavit filed in opposition to appellee's motion for summary judgment that the vehicle was repossessed on April 1, 1980, and sold on July 12, 1980. Moreover, he admitted during his deposition that Mimi Romana, one of appellee's employees working in Special Accounts, told him a few months after the car was sold that his vehicle had been vandalized while it was in appellee's possession. The duty to dispose of collateral in a commercially reasonable manner is an implied covenant in all contracts under Tex. Bus. & Comm.Code Ann. § 9.504 (Vernon Supp.1988) and the breach of such a covenant gives rise to a cause of action sounding in contract. *International Bank, N.A. v. Morales*, 736 S.W.2d 622, 624 (Tex.1987). An action to enforce such a covenant is governed by the four-year statute of limitations. *Certain–Teed Products Corp. v. Bell*, 422 S.W.2d 719, 721 (Tex.1968); *Drury v. Reeves*, 539 S.W.2d 390, 394 (Tex.Civ. App.—Austin 1976, no writ); Tex.Civ.Prac. & Rem.Code Ann. § 16.004 (Vernon 1986). However, regardless of whether appellants' second alternate cause of action is grounded in tort or contract, the action is barred by limitations.

We hold that both of appellants' alternate causes of action are barred by limitations as a matter of law. Inasmuch as we have disposed of these causes on the basis of limitations, we decline to address appellee's reply point asserting that various elements of appellants' negligence action are absent as a matter of law, and that appellants' action regarding disposal of collateral is barred as a matter of law by the doctrine of novation. However, since appellants have wholly failed to address these

issues on appeal, the trial court's judgment must also be sustained on these claims. *Whiddon v. Metni*, 650 S.W.2d 904, 905 (Tex.App.—Dallas 1983, writ ref'd n.r.e.); *Castleberry v. Goolsby Building Corp.*, 608 S.W.2d 763, 765 (Tex.Civ.App.—Corpus Christi 1980), *aff'd*, 617 S.W.2d 665 (Tex. 1981); Tex.R.Civ.P. 166a(c). We overrule appellants' eleventh through thirteenth points of error.

By their first through third points of error, appellants generally contend that the trial court erred in granting appellee's motions for summary judgment. As stated above, no genuine issue of material fact exists and appellee is entitled to judgment as a matter of law. We overrule appellants' first through third points of error.

By crosspoint, appellee requests this Court to award additional damages pursuant to Tex.R.App.P. 84. Although we have overruled appellants' points of error, we do not find the appeal was brought solely for the purpose of delay and without sufficient cause, and consequently do not agree that appellants should be penalized for asserting their right to appeal. *See State Farm Mutual Automobile Insurance Co. v. Clark*, 694 S.W.2d 572, 575 (Tex.App.—Corpus Christi 1985, no writ); *Standard Container Corp. v. Dragon Realty*, 683 S.W.2d 45, 48 (Tex.App.—Dallas 1984, writ ref'd n.r.e.); *Costa v. Storm*, 682 S.W.2d 599, 605 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). Appellee's crosspoint is overruled.

The judgment of the trial court is affirmed.