Roy MYLES, Appellant,

v.

The **RESOLUTION TRUST CORPORA-TION**, as Conservator for La Hacienda Savings & Loan Association, Appellee.

No. 04–89–00215–CV.

Court of Appeals of Texas, San Antonio.

April 11, 1990.

Kenneth Oden, Jr., Alice, C.M. Henkel, III, Corpus Christi, for appellant.

Cheryl L. McMullan, Daniels & Daniels, San Antonio, for appellee.

Before BUTTS, CHAPA and PEEPLES, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from the granting of a summary judgment in a suit arising from several loan transactions. Appellant Roy Myles brought suit against appellee, La Hacienda Savings and Loan Association, seeking to recover statutory penalties on several allegedly usurious notes. The Resolution Trust Corporation has succeeded to all rights and interests of appellee as con-

servator for the institution and is now a party to this action. Appellee, however, is the real party in interest. Appellant claimed that appellee had contracted for usurious interest based on the preprinted language used in its promissory notes, describing its rights in the event of default and acceleration. The alleged usurious language is as follows:

> **Remedies**—If I am in default on this note, you may:
>
> (a) accelerate the due date of the note total, making all sums immediately due;
>
> .    .    .    .    .

Appellant claims that the phrase "note total" authorizes appellee to collect the entire amount of interest upon acceleration, rather than the amount accrued at the date of acceleration. "Note total" is described in the Definitions Section of the note as "the total sum agreed to be paid on this note. It includes the amount financed and the finance charge...." Appellant asserts that the language authorizing appellee to receive the "amount financed" and the "finance charge" in the event of default and acceleration constitutes usury, in violation of the Texas Consumer Credit Code, TEX. REV.CIV.STAT.ANN. art. 5069–1.01 *et seq.* (Vernon 1987). He also claims that appellee provides for no rebate of the unearned interest.

The parties entered into 32 loan transactions in the period between 1985 and 1987, which were the subject of appellant's suit, and eight of the loans remained unpaid at the time the lawsuit was filed. Appellee filed an answer containing a general denial of appellant's claims and a counterclaim demanding payment of the unpaid notes.

Both parties filed motions for summary judgment, and appellee's motion was granted for the unpaid balance on the notes, attorney fees and court costs. The court stated in its judgment that the "notes in question are not usurious, [and] that Plaintiff's liability to Defendant on the Promissory Notes in question is conclusively established...."

Appellant brings three points of error. Appellant asserts in point one that the court erred in holding that, as a matter of law, appellee did not contract for usurious interest in the event of default and acceleration. Point two is that the "savings clause" in the note does not negate appellee's alleged violations of the Credit Code. Finally, in point three appellant argues that a fact question exists regarding the meaning of "finance charge." Because the construction of the note is determined by reading all of its provisions together, we will address points one through three in conjunction with each other.

When reviewing the granting of a motion for summary judgment, we must consider the summary judgment in the light most favorable to the nonmovant and indulge every reasonable inference in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d at 548.

■ The essential elements of a usurious contract consist of a loan of money made with the understanding that the money loaned is to be returned, but which requires a greater rate of interest than allowed by law. *Martinez v. Corpus Christi Area Teachers Credit Union*, 758 S.W.2d 946, 949 (Tex.App.—Corpus Christi 1988, writ denied); *Robinson v. Rudy*, 666 S.W.2d 507, 509 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). In addition, "contracting for" usurious interest, regardless of the intent of the parties, violates the usury statutes even though no usurious interest was actually collected. TEX.REV. CIV.STAT.ANN. art. 5069–1.06 (Vernon 1987); *See Cochran v. American Savings & Loan Assoc.*, 586 S.W.2d 849, 850 (Tex. 1979); *Martinez*, 758 S.W.2d at 949.

■ The court in *Martinez*, in upholding a summary judgment granted in favor of a lending institution, illustrated the rules

for determining whether a contract is usurious on its face:

> The usury statutes, however, are penal in nature and are to be strictly construed. The question of usury must be determined by a construction of all documents constituting the transaction, interpreted as a whole, and in light of the attending circumstances. There is a presumption that the parties intended a nonusurious contract; when the contract by its terms, construed as a whole, is doubtful, or even susceptible to more than one reasonable construction, the court will adopt the construction which comports with legality.

*Martinez,* 758 S.W.2d at 949–50 (citations omitted). Although the supreme court has abandoned the presumption of legality for other terms of consumer retail installment contracts, it retains the presumption of legality in examining terms alleged to be usurious on the ground that they allow the collection of unearned interest. *Gonzalez v. Gainan's Chevrolet City, Inc.,* 690 S.W.2d 885 (Tex.1985). Unless the contract by its express and positive terms evidences an intention which requires a construction that unearned interest is to be collected in all events, the court will give it the construction that the parties intended that the unearned interest should not be collected. *Mack v. Newton,* 737 F.2d 1343, 1368 (5th Cir.1984) citing *Walker v. Temple Trust Co.,* 124 Tex. 575, 80 S.W.2d 935, 936–37 (Tex. Comm'n App.1935, opinion adopted). Therefore we must determine whether appellee has proven that the note is nonusurious as a matter of law, and that appellant has not overcome the presumption of legality by bringing forth "express and positive terms" in the note that would raise a fact issue to the contrary.

■ In the instant case, appellee asserts that the language of the note, when read as a whole, is not usurious. It directs the court's attention to several key passages of the note. The savings clause and rebate provisions of the note, although not labeled as such, are located in the Applicable Law Section and state:

> In particular, this section means (among other things) that I do not agree or intend to pay, and you do not agree or intend to charge or collect, *any amount in the nature of interest* or fee for this loan, which would in any way or event (including demand, prepayment, or *acceleration*) cause you to charge or collect more for this loan than the maximum you would be permitted by state or federal law (as applicable).
>
> Any such *excess interest* or unauthorized fee shall, instead of anything stated to the contrary, be applied to first to reduce the principal balance, and, *when the principal has been paid in full, refunded to me.*

(Emphasis added). Texas has repeatedly given effect to usury savings clauses to defeat a construction of a contract that would violate state usury laws. *Mack v. Newton,* 737 F.2d at 1371 (citations omitted). Although a savings clause will not rescue a transaction that is usurious by its *explicit* terms, it will reinforce the presumption of legality if other terms in the note support a nonusurious construction. *See Id.*

■ In addition, the refund provision conclusively rebuts appellant's assertion that there is no rebate provision for excess interest collected.

■ Also, appellee asserts that appellant has misconstrued the Remedies Section and the definition of "note total". To determine the nature of the demand made in the Remedies Section, the words to be emphasized in the clause "... accelerate the due date of the note total, making all sums immediately due;" should be "all sums" rather than "note total"; the section is intended solely as a description of the due date to be accelerated. Appellee contends that "all sums" is not usurious because it requires payment of only the sums due at the time of acceleration, rather than the entire note amount, including unearned interest. We agree.

Appellee also notes that, if "note total" is the controlling phrase, the operative portion of its definition is the "total sum agreed to be paid". Case law has interpreted the similar phrase "all sums herein

agreed to be paid" found in an acceleration clause, and has found that it did not authorize the collection of unearned interest. *Davis v. Volunteer State Life Insurance Co.,* 135 S.W.2d 588, 589 (Tex.Civ.App.—Texarkana 1939, writ ref'd). Moreover, the payments agreed to by the parties are delineated in the Payments Section on the face of the document, which reads:

> Interest *accrues* on the *unpaid balances* of the principal from time to time. Each payment when made will first be applied to *accrued interest,* and the balance to principal. The actual amount of the final payment will depend upon my payment record.

(Emphasis added). This section indicates that the interest accrues in proportion to the time and amount of the payments.

■ The "finance charge" to be included in the "note total", as described in the definition of "note total", is also governed by the Payment Section, rather than the federal box finance charge and the itemization amount. The amount indicated in the federal box and the "Itemization of Amount Financed" is a fixed amount, as required by law, and denotes the entire finance charge that would be paid *upon maturity* of the note, rather than the amount collected upon acceleration. The finance charge mentioned in the definition of "note total" is separate and distinct from the charge described in the federal boxes. It fluctuates with time and payments, and includes only the amount of interest which has accrued at the time of acceleration. This interpretation is supported by the savings clause in the Applicable Law Section which states "... I do not agree or intend to pay ... any amount in the nature of interest ... which would [upon acceleration] cause you to collect more for this loan than the maximum you would be permitted by state or federal law ...", as well as the rebate clause. The term "amount financed" is challenged in appellant's petition, but is not raised on appeal.

Based on a reading of the note as a whole, we find that the default and acceleration language is nonusurious as a matter of law. The directional and definitional sections affirmatively state that interest accrues over the life of the loan, and is varied by time and payments. It is not a fixed amount. The amount of interest collected in the event of default and acceleration would be the amount accrued at that time. The savings clause and the rebate clause strengthen the nonusurious construction by prohibiting the collection of unearned interest and providing for its refund in the event usurious collection occurs. Appellant has not directed this court to any "express and positive" terms that would raise a fact issue to overcome the presumption of legality. Points one through three are overruled.

The judgment is affirmed.