United States Court of Appeals,

Fifth Circuit.

No. 92-2758

Summary Calendar.

BERNIE'S CUSTOM COACH OF TEXAS, INC., Plaintiff-Appellant,

v.

SMALL BUSINESS ADMINISTRATION and Gulf American SBL, Inc., Defendants-Appellees.

April 13, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before GOLDBERG, JOLLY, and JONES, Circuit Judges.

GOLDBERG, Circuit Judge:

This is a usury case arising under the laws of Texas. Bernie's Custom Coach of Texas, Inc. ("Bernie") appeals the district court's summary judgment denying Bernie's claim that the appellees, Gulf American SBL, Inc. ("Gulf") and the Small Business Administration ("SBA"), lent Bernie money in violation of Texas' usury laws. We affirm the district court's judgment.

FACTS and PROCEEDINGS BELOW

On September 28, 1990, Bernie executed a promissory note in favor of Gulf for the principal sum of $922,000.00, to be repaid over the course of twenty one years. The interest rate was to be set monthly at 2.75% over the prime lending rate. The SBA guaranteed 84% of the loan.

Fourteen months after the note was executed, Bernie defaulted in its repayment of the note. Upon default, Gulf assigned the note to the SBA. The note contained an acceleration clause which mandated that Bernie's "indebtedness" shall become due and payable upon Bernie's failure to timely pay any part of the indebtedness. Pursuant to this acceleration clause, the SBA promptly accelerated the maturity date of the note and demanded payment. Bernie filed suit in Texas state court against the SBA and Gulf. The SBA timely removed the case to federal district court.

Bernie alleged that the promissory note violated Texas' usury laws and moved for summary judgment seeking a declaratory judgment against Gulf and the SBA. Gulf countermoved for summary

judgment, seeking a declaration that the note is nonusurious and legal. The district court denied Bernie's motion for summary judgment, and granted Gulf's motion. Bernie appeals the district court's ruling. We review the trial court's summary judgment determination *de novo. FDIC v. Myers,* 955 F.2d 348, 349 (5th Cir.1992).

## ANALYSIS

A usurious contract consists of a loan of money "which requires a greater interest than allowed by law." *Myles v. Resolution Trust Corp.,* 787 S.W.2d 616, 617 (Tex.App.1990). Under Texas law, the maximum legal rate of interest is 18%. Tex.Rev.Civ.Stat.Ann. art. 5069-1.07 (Vernon 1987). A party violates the prohibition on usury by contracting for, charging or receiving usurious interest. Tex.Rev.Civ.Stat.Ann. art. 5069-1.06(1) (Vernon 1987).

Bernie does not claim that the appellees charged or received usurious interest. Rather, Bernie claims that the promissory note would permit imposition of usurious interest, and hence that the appellees illegally contracted for the right to charge usurious interest. It is undisputed that "[t]he mere "contracting for' usurious interest is in violation of the usury statutes even though no interest was actually collected." *Ashley v. Edwards,* 626 S.W.2d 107, 111 (Tex.App.1981). *See also Myles v. Resolution Trust Corp.,* 787 S.W.2d 616, 617 (Tex.App.1990).

Bernie's claim that the promissory note is usurious focuses on the note's acceleration clause. The acceleration clause permits the lender to call due, upon default by the borrower, the entire "indebtedness" of the borrower. The contract defines indebtedness to mean "indebtedness evidenced by the note, including principal, interest, and expenses, whether contingent, now due or hereafter to become due and whether heretofore or contemporaneously herewith or hereafter contracted." As indebtedness is defined to include interest "hereafter to become due," and the acceleration clause permits the lender to call due the entire "indebtedness," Bernie claims that upon default, the note empowers the lender to declare due *unearned* interest. Bernie points out that if at the time of acceleration the lender calls due twenty years worth of unearned interest on money lent for fourteen

months, the effective interest rate charged would be 88.30%, well above the legal limit.[1]

Appellees defend the note's legality by directing the court's attention to the existence of a "savings clause" in the contract. The appellees maintain that when the note is read as a whole, including the savings clause, it is not usurious. The savings clause provides:

> Notwithstanding the foregoing, *the interest rate on this Note shall never exceed the maximum rate permitted by the usury laws of Texas* or any preempting federal law if any, applicable to this kind of loan at the time of fluctuation in said interest rate. (emphasis added)

In determining whether a contract is usurious, the Texas Supreme Court has held that "it will be presumed that the parties intended a nonusurious contract." *Smart v. Tower Land and Invest. Co.,* 597 S.W.2d 333, 341 (Tex.1980). The *Smart* court elaborated that "[f]or this reason the court will not hold a contract to be in violation of the usury laws unless, upon a fair and reasonable interpretation of all its terms, it is manifest that the intention was to exact more interest than allowed by law." *Id. See also Myles v. Resolution Trust Corp.,* 787 S.W.2d 616, 618 (Tex.App.1990) ("Unless the contract by its express and positive terms evidences an intention which requires a construction that unearned interest is to be collected in all events, the court will give it the construction that the parties intended that the unearned interest should not be collected").

Applying Texas law, the Fifth Circuit has recognized that "[t]he question of whether usury exists is ascertained from the dominant purpose and intent of the parties embodied in the contract *interpreted as a whole* and in light of attending circumstances and of the governing rules of law that the parties are *presumed* to have intended to obey." *Imperial Corp. of America v. Frenchman's Creek Corp.,* 453 F.2d 1338, 1344 (5th Cir.1972) (emphasis added). *See also Mack v. Newton,* 737 F.2d 1343, 1368 (5th Cir.1984).

In interpreting the "intent of the parties embodied in the contract," we must give effect to the

---

[1]This is the scenario described by the court in *Chavez v. Aetna Finance Co.,* 553 S.W.2d 174, 176 (Tex.Civ.App.1977):

> Where the holder of a note, upon exercise of his power of acceleration, demands the entire amount of interest payable over the total term of the note, he is, in effect, increasing the rate of interest payable by the maker, and if such demand constitutes a demand for a rate of interest which is illegal as computed to the date of acceleration, the result is a demand for usurious interest.

savings clause. As this court recently stated in *Federal Deposit Insurance Corp. v. Claycomb,* 945 F.2d 853, 860 (5th Cir.1991), *cert. denied,* --- U.S. ----, 112 S.Ct. 2301, 119 L.Ed.2d 224 (1992), the court is

> required to give effect to the objective intention of the parties as reflected by the written documents associated with the transaction and must presume the parties intended to obey the law unless a contrary intention clearly manifests itself. *The court must, if reasonably possible, give effect to the savings clause* and interpret the savings clause as to deny the right to usurious interest.

*See also Woodcrest Associates, Ltd. v. Commonwealth Mortg. Corp.,* 775 S.W.2d 434, 438 (Tex.App.1989) ("If possible, we must give effect to all parts of the contracts. (citation omitted) Thus, if it reasonably possible to give some effect to the savings clause, we must interpret them in a manner which would deny [the lender] the right to collect usurious interest").

In *Claycomb,* we observed that "Texas courts recognize the validity of usury savings clauses and enforce those clauses to defeat claims of usury." 945 F.2d at 853. *See also Mack v. Newton,* 737 F.2d 1343, 1371 (5th Cir.1984) ("Texas Courts have repeatedly given effect to usury savings clauses to defeat a construction of a contract that would violate state usury laws"); *Woodcrest Associates, Ltd. v. Commonwealth Mortg. Corp.,* 775 S.W.2d 434, 437 (Tex.App.1989) ("Texas courts have repeatedly acknowledged the validity of usury savings clauses and enforced such clauses to defeat a violation of usury laws"); *Myles v. Resolution Trust Corp.,* 787 S.W.2d 616, 618 (Tex.App.1990) ("Texas has repeatedly given effect to usury savings clauses to defeat a construction of a contract that would violate state usury laws").

The savings clause in the promissory note at issue defeats any construction finding the note to be usurious. In a case involving similar facts, *Rickman v. Modern American Mortg. Corp.,* 583 F.2d 155 (5th Cir.1978), *cert. denied* 441 U.S. 962, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979), the appellant argued that the exercise of an acceleration clause enabled the lender to extract usurious interest. Applying Texas usury law, we held that the appellant's argument must fail because "the effect of the savings clause in the contract cannot be overlooked." *Id.* at 158. The clause in *Rickman* provided that in no event would the borrower "be required to pay interest in excess of the rate allowed by the laws of the State of Texas." *Id.* at 158 note 4. Giving effect to the savings clause,

we held that "when [the lender] pressed its demand for the full amount due under the contract, it claimed an amount automatically constricted within the bounds of the law thereby eliminating the possibility that illegal interest was claimed." *Id.* at 159. As the court explained, "because of the savings clause, the amount charged by the act acceleration was automatically confined within permissible boundaries." *Id.* at 159 note 5.

The savings clause in the instant case can be reasonably interpreted to have the same effect of the savings clause in *Rickman.* The note's savings clause, which provides that "the interest rate on this Note shall never exceed the maximum rate permitted by usury laws," automatically limited the amount of interest that the appellees could demand upon acceleration to an amount within the limits of the Texas usury laws.

Bernie relies on the wording of the savings clause and the clause's location in the contract to argue that the savings clause is inapplicable to the instant case. Bernie contends that the savings clause's reference to "fluctuation in said interest rate," implies that the clause only applies to potential usury arising from the monthly fluctuations of the prime interest rate, not from an acceleration. Furthermore, Bernie points out that the clause begins with the phrase "notwithstanding the foregoing," and that the acceleration clause is not one of the *foregoing* terms. While Bernie's construction of the savings clause is plausible, it does not rebut the presumption that the parties intended to act lawfully. The *Smart* and *Imperial* decisions make clear that if the note is susceptible to more than one reasonable interpretation, we must adopt the construction that comports with legality.

The savings clause in the instant case supports the presumption that the parties intended a nonusurious contract. While the acceleration clause facially permits the collection of unearned and possibly usurious interest, the savings clause raises an ambiguity regarding the parties' intent to enter into a usurious contract. Because ambiguous notes must be construed as nonusurious, the district court correctly held that the promissory note at issue did not violate Texas' usury laws.[2]

---

[2]We need not decide whether the acceleration clause, in the absence of the savings clause, permitted the collection of usurious interest.

CONCLUSION

For the foregoing reasons the judgment of the district court is AFFIRMED.[3]

---

[3]Bernie's also challenges the district court's grant of monetary damages to Gulf, claiming that the only relief Gulf sought was a declaration that the note was legal. However, the district court's damage award is appropriate under Fed.R.Civ.P. 54(c).