**Mary Ann LANDRY**

v.

**Charles B. ODOM, et al.**

**Civ. A. No. 82–3862.**

United States District Court,
E.D. Louisiana.

March 22, 1983.

---

David Ware, Metairie, La., for plaintiff.

Edward J. Rice, Jr., Philip O. Bergeron, Lisa M. Tompkins of Adams & Reese, New Orleans, La., for Joseph Palotta.

William C. Credo, III, New Orleans, La., for Charles Odom and Oliver Sanders.

## ORDER

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on the motions of the defendants, Charles B. Odom, Oliver Sanders and Joseph L. Palotta to dismiss, or alternatively, for summary judgment. Following oral argument, the motions were taken under submission. Having considered the argument, memoranda submitted herein, the record and the law applicable to this matter, the Court denies the motions of Charles B. Odom and Oliver Sanders and grants the motion of Joseph L. Palotta for the following reasons.

It is undisputed that on or about September 1, 1981, Jeanne Landry, the plaintiff's sister, requested Dr. Charles Odom, coroner

of Jefferson Parish, to issue an emergency certificate temporarily confining her sister.[1] The certificate was issued which resulted in the confinement of Mary Ann Landry at East Jefferson General Hospital. On or about the second day of her confinement, Dr. Joseph Palotta, a private psychiatrist practicing at East Jefferson General Hospital examined Ms. Landry and also issued a certificate. Dr. Sanders also examined Ms. Landry and issued a certificate. As a result of the execution of these certificates, Ms. Landry was transferred to East Louisiana State Hospital on or about September 3, 1981 where she was confined until September 22, 1981. Plaintiff filed suit against Drs. Odom, Sanders and Palotta, among others, alleging a cause of action under 42 U.S.C. § 1983 and state law. Defendants Odom, Sanders and Palotta filed motions to dismiss, or alternatively, for summary judgment.

*Drs. Odom and Sanders*

These defendants argue that plaintiff's suit should be dismissed on the basis that it is barred by the Eleventh Amendment to the United States Constitution,[2] claiming that Odom, as coroner, and Sanders, as Odom's independent contractor, are clearly state agencies, and as such cannot be sued in federal court. Defendants rely on La. R.S. 13:5108.1 in support of their position. This statute provides that the state of Louisiana will indemnify officers and employees of the state for financial loss arising out of any claim, demand, suit or judgment in federal court brought pursuant to the provisions of Sections 1981 through 1983 of Title 42 of the United States Code.[3] Defendants claim that pursuant to this statute, any recovery by Ms. Landry would have to be paid from state funds, and that Eleventh Amendment immunity thus extends to these state officials.

1. La.R.S. 28:53(B) provides as follows:

B. Any physician may execute an emergency certificate only after an actual examination of a person alleged to be mentally ill or suffering from substance abuse who is determined to be in need of immediate medical treatment in a treatment facility because the examining physician determines the person to be dangerous to self or others or to be gravely disabled. Failure to conduct an examination prior to the execution of the certificate will be evidence of gross negligence. The certificate shall state:

(1) The date of the physician's examination of the person, which shall not be more than seventy-two hours prior to the date of the signature of the certificate.

(2) The objective findings of the physician relative to the physical and mental condition of the person, leading to the conclusion that the person is dangerous to self or others or is gravely disabled as a result of substance abuse or mental illness.

(3) The history of the case, if known.

(4) The determination of whether the person examined is in need of immediate psychiatric treatment in a treatment facility because the patient is:

(a) dangerous to himself;

(b) dangerous to others; or

(c) gravely disabled.

(3) A statement that the person is unwilling or unable to seek voluntary admission.

The certificate shall be dated and executed under the penalty of perjury, but need not be notarized. The certificate shall be valid for seventy-two hours and shall be delivered to the director of the treatment facility where the person is to be further evaluated and treated.

2. The Eleventh Amendment to the Constitution of the United States provides that: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State...."

3. § 5108.1 Indemnification of officers and employees of the state, civil rights; representation by attorney general

A. It is hereby declared to be the public policy of this state that the state shall hold harmless and indemnify all officers and employees of the state from any financial loss which, for purposes of this Section, shall mean and include court costs, judicial interest, and monetary damages, arising out of any claim, demand, suit, or judgment in federal court brought pursuant to the provisions of Sections 1981 through 1983 of Title 42 of the United States Code by reason of alleged negligence or other act by an officer or employee, provided that such officer or employee at the time damages were sustained was acting in the discharge of his duties and within the scope of his employment and that such damages did not result from the intentional wrongful act or gross negligence of such officer or employee.

The Eleventh Amendment does not bar an action against a state official that is based on a theory that the officer acted beyond the scope of his statutory authority, or, if within that authority, that such authority is unconstitutional. *Florida Dept. of State v. Treasure Salvors, Inc.,* —— U.S. ——, 102 S.Ct. 3304, 73 L.Ed.2d 1057 (1982); *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Plaintiff's allegations against these defendants encompass the preceding prerequisite; it is thus premature for this Court to dismiss plaintiff's 1983 claim against these defendants where the question remains unanswered as to whether the challenged conduct of these officials constitutes an unconstitutional withholding of plaintiff's constitutional rights. Accordingly, the motion of Drs. Odom and Sanders to dismiss, or alternatively, for summary judgment, is hereby denied.

### Dr. Palotta

Plaintiff has also asserted a cause of action under 42 U.S.C. § 1983 against Dr. Palotta, a private psychiatrist, claiming that as a result of Dr. Palotta's issuance of a commitment certificate she was deprived of liberty without due process of law. In order to receive relief under Section 1983, a plaintiff must show (a) that the defendant deprived him of a right secured to him by the Constitution or federal law, and (b) that the deprivation occurred under color of state law. *Sims v. Jefferson Downs, Inc.,* 611 F.2d 609 (5th Cir.1980) and cases cited therein. It is undisputed that Dr. Palotta issued a certificate pursuant to La.R.S. 28:53(G) which resulted in Ms. Landry's continued confinement.[4] However, the mere fact that an activity may be subject to state regulation does not sufficiently implicate the state in the particular conduct complained of so as to constitute state action. *Id.* The determination of whether there is sufficient state action by non-state persons must be made by weighing circumstances on a case-by-case basis. The Supreme Court has articulated a number of different factors in different contexts for the purpose of determining whether state action is involved; these include the "public function" test, the "state compulsion" test, and the "nexus" test. *Lugar v. Edmonson Oil Co., Inc.,* —— U.S. ——, ——, 102 S.Ct. 2744, 2755, 73 L.Ed.2d 482 (1982) (citations omitted).

Here, the state of Louisiana is undoubtedly responsible for the statute in question, but Dr. Palotta's involvement, by his actions pursuant to that statute, without something more, is not sufficient to justify a characterization of him as a state actor. *Id.* The uncontroverted affidavit submitted by Dr. Palotta indicates that he was contacted by a nurse at East Jefferson General Hospital and conducted an examination of plaintiff pursuant to La.R.S. 28:53(G) which requires that a second examination shall be made within 72 hours "by any physician at the treatment facility where the person is confined." Dr. Palotta testified that he was not compelled to examine the patient nor to sign the certificate which he executed. He had not discussed the care and/or treatment of plaintiff with any of the other defendants prior to his examination. Dr. Palotta did not initiate plaintiff's

---

**4.** La.R.S. 28:53(G) provides in part:

G. Upon admission of any person by emergency certificate to a treatment facility, it shall be the duty of the director of the treatment facility to immediately notify the coroner of the parish in which the treatment facility is located of the admission giving the following information if known: the person's name, address, date of birth, name of certifying physician, date and time of admission, and the name and address of the treatment facility.

Within seventy-two hours of admission, the person shall be independently examined by the coroner or his deputy who shall execute an emergency certificate, pursuant to Subsection B, which shall be a necessary precondition to the person's continued confinement.

However, in the event that the coroner has made the initial examination and executed the first emergency commitment certificate then a second examination shall be made within the 72 hour period set forth in this Act by any physician at the treatment facility where the person is confined.

admission to the hospital but his action was determinative of the question of further treatment. However, we cannot agree that the examination performed by Dr. Palotta was sufficient to constitute "state action":

> To open physicians to federal suit by decreeing that they act for the state in making purely medical decisions would effectively chill the use, and accompanying benefit, of a private physician's judgment in an emergency situation simply because the physician may not be willing to give it for fear of being exposed to a lawsuit.

*Watkins v. Roche,* 529 F.Supp. 327, 331 (S.D.Ga.1981). The actions of Dr. Palotta do not satisfy either the "public function" or "state compulsion" tests. He did not initiate the process leading to plaintiff's examination; in fact, her sister, a layperson, requested that Dr. Odom's office issue an emergency certificate authorizing plaintiff's detention. Neither was Dr. Palotta compelled to sign the certificate.

Plaintiff also claims that Dr. Palotta is liable to her under a Section 1983 conspiracy charge. A conspiracy claim under this section requires one or more of the conspirators to be a state officer acting under color of state law. Clearly, Dr. Odom fulfills that requirement. Although plaintiff has alleged a conspiracy action, she has not successfully defended such allegation on this motion for summary judgment. Defense of a proper summary judgment motion requires more than a mere denial. The party opposed to the motion "is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *Union Planters Nat. Leasing v. Woods,* 687 F.2d 117, 119 (5th Cir.1982). Dr. Palotta's affidavit states that he has only been requested by the coroner to examine mental patients in order to issue a physician's emergency certificate on three or four other occasions, and that such examinations are not a routine part of his psychiatric practice. The affidavits of Drs. Odom and Sanders support this testimony. Plaintiff was unable to produce "significant probative evidence" to warrant this Court's retention of the conspiracy claim against Dr. Palotta. Accordingly, the claims brought against this defendant pursuant to 42 U.S.C. § 1983 are dismissed. As the Court finds no continuing basis for federal jurisdiction of this defendant, plaintiff's remaining grievances against Dr. Palotta relative to state law are hereby dismissed.