**FDIC as Receiver for Thousand Oaks National Bank, Plaintiff–Appellee,**

**v.**

**Walter K. MYERS, Defendant–Appellant.**

**No. 91–5666**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 10, 1992.

Barry Snell, Bayne, Snell & Krause, San Antonio, Tex., for defendant-appellant.

Robert E. Hoblit, FDIC, Midland, Tex., Gregory E. Gore, Colleen B. Bombardier, Sr. Counsel, FDIC, Washington, D.C., for FDIC.

Before POLITZ, Chief Judge, KING and EMILIO M. GARZA, Circuit Judges.

POLITZ, Chief Judge:

Walter K. Myers appeals an adverse summary judgment in favor of the Federal Deposit Insurance Corporation and the dismissal of his counterclaims in a suit to recover a deficiency judgment under Texas law. We affirm.

## Background

In June 1985 Myers executed a $962,000 promissory note in favor of Thousand Oaks National Bank, secured by a deed of trust on 3.943 acres of commercial real property in San Antonio, Texas. The note matured in June 1987 with a principal balance of $750,000. In August 1987 the trustee posted on the Bexar County courthouse door a notice of non-judicial sale of the property. Thousand Oaks purchased the property for $637,920, leaving a deficiency of $189,-805.97 plus interest, attorney's fees, and sale expenses.

Thousand Oaks filed a deficiency action against Myers in Texas state court. Myers counterclaimed for breach of fiduciary duty and breach of the duty of good faith and fair dealing. In September 1989 the Comptroller of Currency declared Thousand Oaks to be insolvent and appointed the FDIC as receiver. Acting in its corporate capacity the FDIC acquired Myers' note through a purchase and assumption transaction and timely removed the state court action to federal court. In March 1991 the district court denied Myers' counterclaim and granted summary judgment in favor of the FDIC, awarding the sum of $291,-477.47, 6.46% post-judgment interest, and $2500 in attorney's fees. Myers' motion to amend or alter the judgment was denied and he timely appealed.

## Analysis

The standard of review for a summary judgment is well settled: We review the record *de novo* to ascertain whether any genuine issue exists as to any material fact and, upon finding none, to ascertain whether the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Miles v. American Tel. & Tel. Co.*, 703 F.2d 193 (5th Cir.1983). Without weighing the evidence, assessing its probative value, or resolving any factual disputes, id., we merely search the record for resolution-determinative factual disputes. *Kennett–Murray Corp. v. Bone*, 622 F.2d 887 (5th Cir.1980). We review district court determinations of state law *de novo*. *Salve Regina College v. Russell*, —— U.S. ——, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

In his first issue on appeal Myers urges that the district court erred in granting summary judgment because the trustee violated the terms of the deed of trust by failing to place the specific time of the sale in the posted notice of sale. It is undisputed that the notice of sale stated only that the sale would occur "between the hours of ten o'clock a.m. and four o'clock p.m." It is also undisputed that ¶ 8.3 of the deed of trust requires that the notice of sale

"giv[e] notice of the time, place and terms of said sale." However, ¶ 8.3 alternatively provides that:

Notwithstanding the foregoing provisions of this paragraph, notice of such sale given in accordance with the requirements of the applicable laws of the state of Texas in effect at the time of such sale shall constitute sufficient notice of such sale.

Texas law in effect at the time of the sale had no requirement that the specific time be given in the notice of sale. Tex.Prop. Code Ann. § 51.002 (Vernon 1987); *Mabry v. Abbott*, 471 S.W.2d 442 (Tex.Civ.App. 1971). Myers makes no contention that the posted notice of sale failed to conform to the minimum statutory requisites of section 51.002. We find, therefore, that there were no unresolved genuine issues of material facts about violations of the deed of trust by the trustee, and conclude that summary judgment was proper as a matter of law.

■ Myers' second issue on appeal is that the district court erred in granting the summary judgment because of the existence of disputed facts as to deficiencies or irregularities in the sale. In essence Myers claims that the trustee "chilled the bidding" on the property by failing to advertise the specific time of sale, the nature of the property being sold, the minimum bid requested, the identity of the lender, the address or telephone number of the trustee, or other information which would have enabled potential buyers to learn about the property. Myers contends that this failure resulted in the property being sold well below market value. Myers strongly urges that the trustee could have done more to obtain a sales price nearer to the fair market value. In support of this contention Myers introduced his affidavit as a commercial real estate developer, the affidavit of Gary Young, a professional auctioneer, and that of Scott Binford, a professional real estate appraiser. The fair import of these three affidavits is that actions and inactions of the trustee caused or contributed to the sale resulting in less than the fair market value.

Myers misperceives the relevance of fair market value in the instant case. Texas law at the time of the sale did not provide that a trustee had a duty to obtain or that the debtor had a right to expect fair market value. At that time, inadequate consideration alone would not render a foreclosure sale void if the sale was legal and fairly made. *Savers Federal Savings & Loan Ass'n v. Reetz*, 888 F.2d 1497 (5th Cir.1989); *Tarrant Savings Ass'n v. Lucky Homes, Inc.*, 390 S.W.2d 473 (Tex.1965). There must also have been some irregularity in the foreclosure which caused or contributed to the sale for a grossly inadequate price. *Savers Federal, supra.* Where the consideration was found to be grossly inadequate, however, a slight irregularity would suffice to void a non-judicial foreclosure sale. *Rio Delta Land Co. v. Johnson*, 566 S.W.2d 710 (Tex.Civ.App. 1978). Myers does not allege any procedural irregularity except the "specific time" issue previously discussed. He did not pursue the cause of action recognized in Texas case law to set aside the sale for failure to follow the terms of the deed of trust. *University Savings Ass'n v. Springwoods Shopping Center*, 644 S.W.2d 705 (Tex.1982). The record before us establishes that under then-applicable Texas law the 1987 sale was conducted free of legally cognizable irregularities.

■ Myers urges that the trustee violated his fiduciary duty and his duty of good faith and fair dealing owed to Myers and that these violations constitute an irregularity sufficient to ground the relief he seeks. The district court determined that under Texas law the trustee owed neither a fiduciary duty nor a duty of good faith and fair dealing to Myers. Our independent review of Texas law confirms this conclusion. *University Savings, supra* (no fiduciary relationship); *English v. Fischer*, 660 S.W.2d 521 (Tex.1983) (no duty of good faith and fair dealing); *Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706 (Tex.1990) (same). The lack of effort by the trustee to obtain fair market value was not grounds for relief in an action for deficiency judgment at the time of the 1987 sale. The trustee was obligated only to comply with the terms of the deed of trust, an obligation which the record reflects he performed. *University Savings, supra.*

Summary judgment was proper as a matter of law.

The correctness of this conclusion is underscored by the action of the Texas Legislature in 1991 when it added section 51.003 to the Texas Property Code.[1] Section 51.003 now provides a mechanism by which a debtor in any action to recover a deficiency may (1) have the fair market value of the foreclosed real property determined as of the date of the foreclosure sale and, if the fair market value is greater than the sale price of the real property, (2) receive an offset against the deficiency equal to the difference between the fair market value and the sale price. This is the very relief which Myers seeks but, unfortunately for him, his situation is not covered by the recent legislation because his sale occurred before April 1, 1991.

In light of today's disposition we reach neither the FDIC's assertion that Myers' state law defenses are cut off by *D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), nor the FDIC's contention that a variable rate interest note is negotiable under Texas law.

The judgment of the district court is AFFIRMED.

---

1. Tex.Prop.Code Ann. § 51.003 (Vernon 1992) added by Acts 1991, 72d Leg., ch. 12, § 1, applying to actions to recover a deficiency resulting from a foreclosure sale that is conducted on or after the effective date of section 51.003, April 1, 1991.