# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 96-30232
(Summary Calendar)

JOHN DOE,

Plaintiff-Appellant,

versus

LOUISIANA PSYCHIATRIC
MEDICAL ASSOCIATION,

Defendant-Appellee.

Appeal from United States District Court
for the Eastern District of Louisiana
(95-CV-2122)

October 28, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

John Doe, a psychiatrist, appeals the district court's summary judgment dismissal of his civil

rights suit against the Louisiana Psychiatric Medical Association ("LPMA"). John Doe filed suit to

prevent LPMA from proceeding with an ethics investigation in response to complaints received from

two of his former patients. The LPMA filed a motion to dismiss, and in the alternative, for summary

judgment, claiming no state action was involved. The district court agreed and in dismissing the claim

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

held that LPMA was a "private voluntary association." For the following reasons we AFFIRM the judgment in all respects.

## FACTS

John Doe ("Doe" or "Appellant"), a psychiatrist, is challenging the constitutionality of appellee's pending ethical investigation of him. The appellee is Louisiana Psychiatric Medical Association ("LPMA"), an association of physicians practicing in Louisiana who specialize in Psychiatry. Doe is a member of LPMA. The LPMA is authorized to conduct ethics investigations of all its members. Doe filed this suit to prevent LPMA from proceeding with an ethics investigation in response to complaints received from two of his former patients. Doe argues that the investigation is actually based on his religious practices, which LPMA officials deny. Doe further argues that the investigation is violating his constitutional rights pursuant to the Religious Freedom Restoration Act[1], 42 U.S.C. § 2000bb-1, et seq. ("RFRA"), and the Civil Rights Act, 42 U.S.C. § 1983[2] ("Section 1983"). To seek redress under these statutes the disputed act must be deemed state action. The LPMA filed a motion to dismiss and in the alternative, for summary judgment, claiming no state action was involved. The district court agreed and in dismissing the claim held that LPMA was a "private voluntary association." Appellant appeals the summary judgment dismissal to this court. We affirm the district court's grant of summary judgment and denial of injunctive relief.

## DISCUSSION

_____

[1]The Religious Freedom Restoration Act prohibits any "person acting under color of law" from substantially burdening a person's free exercise of religion.

[2]Section 1983 of the Civil Rights Act provides a cause of action for the deprivation of any federally protected right by a person acting under color of law.

## A. STANDARD OF REVIEW.

We review a grant of summary judgment de novo, applying the same standard used by the district court. We must review the facts drawing inferences most favorable to the non moving party. Elliot v. Lynn, 38 F.3d 188, 190 (5th Cir. 1994). Without weighing the evidence, the record is searched for resolution determinative factual disputes. FDIC v. Myers, 955 F.2d 348, 349 (5th Cir. 1992). Thus, summary judgment is only proper when the summary judgment proof shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986).

The moving party maintains the initial burden of going forward to present summary judgment proof stressing the lack of material facts. Celotex, 477 U.S. at 322. The Supreme Court has found that the movant does not have to produce evidence negating a genuine issue of material fact; instead, the moving party's burden is satisfied by presenting proof that there is "an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. However, once the moving party meets its rule 56 (c) burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Moreover, the non-movant "may not rest upon the mere allegations or denials of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty, Inc., 477 U.S. 242, 248 (1986).

## B. STATE ACTION.

Doe claims the actions of the LPMA are so closely tied to the state that it should be deemed "state action." Furthermore, as a result of its state actor status, LPMA is subject to violations of both the Religious Freedom Restoration Act of 1993, 42 U.S.C. §2000bb-1, et seq., and the Civil Rights Act, 42 U.S.C. § 1983. We cannot agree. Doe must rebut LPMA's claim of being a private entity thus not subject to civil rights violations, by showing a nexus exists between the state and LPMA's action so that LPMA's action is treated as the state's. Sims v. Jefferson Downs, Inc., 611 F.2d 609, 611 (5th Cir. 1980) (citing Jackson v. Metropolitan Edison Co., 419 U.S. 345 (1974)).

The district court found that Doe failed to sufficiently put into issue any facts that create a factual dispute. We agree with this conclusion. The basis of this conclusion stems from LPMA's undisputed authorization to conduct investigations. The Health Care Quality Improvement Act[3] ("HCQIA"), 42 U.S.C. §§ 11101, et seq., promulgates rules which peer review entities follow when conducting professional investigations. These objectives are tantamount to a regulatory scheme which, without more, does not result in the regulated entities' actions being state action. Sims, 611 F.2d at 611. An analogy to this situation is an auto mechanic shop that must follow directives from the state in order to receive and maintain licensure. The presence of state regulation, even heavy regulation, does not, by itself, "transform otherwise private actions into state action." Id.; Jackson, 419 U.S. at 354. Without showing the presence of a nexus between the challenged actions and the state, the RFRA and Section 1983 are merely remedies without a cause of action, since these statutes

---

[3]The HCQIA was passed by Congress in 1986 in order to facilitate the interstate tracking of disciplinary and malpractice decisions, disciplinary actions, and membership actions by any "professional review body," including the LPMA ethics committee, into the National Practitioners Data Bank administered by the U.S. Department of Health.

to do not apply to private actions. <u>Pinhas v. Summit Health, Ltd.</u>, 894 F.2d 1024 (9th Cir. 1989), <u>aff'd on other grounds</u>, 500 U.S. 322 (1991)(holding physician peer review not state action).

State action determinations are made on a case by case basis by sifting facts and weighing circumstances. <u>Sims</u>, 611 F.2d at 609. This court has utilized the term "symbiotic" when describing the type of relationship, which, where present, indicates a level of interweaving "whereby the state plays some meaningful role in the mechanism leading to the disputed act." <u>Frazier v. Board of Trustees</u>, 765 F.2d 1278, 1288 (5th Cir. 1985), <u>cert. denied</u>, 476 U.S. 1142 (1986). The facts of this case, do not show that any material matters are in dispute. Instead, Doe disputes the application of the law to the facts of the case. Doe points to the ability of the LPMA to report adverse findings to the state board of medical examiners, who in turn enter the information into a data bank administered by the federal government. Doe argues that the reporting requirement is a sufficient nexus to establish LPMA's civil rights liability, based on its state actor status. We disagree and we see the LPMA's actions as nothing more than its adherence to a regulatory scheme.

Furthermore, the cases cited by Doe in support of this argument are not only distinguishable from the facts of this case, but some actually articulate the basis for this court to affirm summary judgment. <u>See</u>, <u>eg.</u>, <u>Sims</u> (stating there must be a sufficient nexus between the state and the challenge action to pursue a claim under Section 1983). Moreover, since determinations of state action are made on a case by case basis, these cases do not support Doe's claims. This court notes several cases where an even greater state involvement than in the present case did not result in a finding of state action. <u>See</u>, <u>e.g.</u>, <u>Blum v. Yaretszky</u>, 475 U.S. 991 (1982)(holding action by nursing home that was government subsidized, licensed and regulated was not state action); <u>Landry v. Odom</u>, 559 F.Supp. 514 (E.D. La. 1983)(holding commitment certificate issued by psychiatrist pursuant to state statute

5

not state action). Like the district court, we conclude that LPMA was not a state actor therefore summary judgment was properly entered against Doe.

## C. IMMUNITY.

We agree with the district court's conclusion that the issue of immunity is a question of law for the court to decide. Bryan v. Holmes Regional Medical Center, 33 F.3d 1318, 1331-32 (11th Cir. 1994), cert. denied, 115 S.Ct. 1363 (1995); Monroe v. AMI Hosp., 877 F.Supp. 1022, 1026 (S.D. Tex. 1994). The HCQIA allows for immunity from suit for damages by peer review entities following its directives.[4] Doe claims that the LPMA is not making its ethics investigation "in the reasonable belief that the action was in furtherance of quality health care." 42 U.S.C. § 11112(a)(1).[5] This reasonable belief requirement forms a basis for HCQIA immunity, whereby the requirement is presumed to be met unless rebutted by a preponderance of the evidence.[6] Id. Doe argues that the presumption was rebutted, thereby precluding the granting of summary judgment, when he presented

---

[4]Persons participating in professional review activities that meet the standards imposed by 42 U.S.C. § 11112 "shall not be liable in damages under any law of the states or any state ... with respect to the action." 42 U.S.C. § 11111(a).

[5]"The standards that professional review actions must satisfy to entitle the participants to protection under 42 U.S.C. 11111(a) are set out in 42 U.S.C. § 11112(a). The standards require that the professional review action be taken: 1) in the reasonable belief that the action was in furtherance of quality health care, 2) after reasonable effort to obtain the facts of the matter, 3) after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the physician under the circumstances, and 4) in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain facts and after meeting the requirement of paragraph (3)." Monroe, 877 F.Supp. at 1027.

[6]HCQIA creates a rebuttable presumption of immunity as follows: "a professional review action shall be presumed to have met the ... standards necessary for the protection set in section 11111(a) of this title unless the presumption is rebutted by a preponderance of the evidence. 42 U.S.C. § 11112(a).

"substantial evidence" that the activity under investigation occurred solely because of his sincere religious beliefs. Doe's evidence consisted of two letters written by former patients of his who asserted their satisfaction with his work, both when Doe practiced psychotherapy as well as during his religious teaching sessions. Those letters, although heartfelt, were hardly compelling enough on the issue of LPMA's "reasonable belief."

The reasonable belief requirement is an objective requirement, which when reviewed is done so in the context of the totality of the circumstances. Imperial v. Suburban Hosp. Assoc., Inc., 37 F.3d 1026 (4th Cir. 1994). We conclude that in reviewing LPMA's actions, taking into account all surrounding circumstances at the time, that LPMA met the test. We cannot say that the investigation is not objectively based on the two letters of complaint received by the LPMA. Thus, according to the HCQIA, LPMA met its requirements to be granted immunity from suit for damages. Since the issue of LPMA's private actor status has been resolved precluding any civil rights liability, we conclude that LPMA is not liable under any civil rights statute and is immune from suit for any non-civil rights claims.

**D. INJUNCTION.**

We review the district court's denial of a preliminary injunction by an abuse of discretion standard. Hull v. Quitman County Bd. of Educ., 1 F.3d 1450, 1453 (5th Cir. 1993); Allied Mktg. Group, Inc. v. C.D.L. Mktg., Inc., 878 F.2d 806, 809 (5th Cir. 1989), app'l dec'd, 915 F.2d 1567 (1990). The grant of injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance. Allied, 878 F.2d at 809. The facts simply do not show that injunctive relief is warranted. LPMA is currently conducting its investigation, which it is authorized to do, and no evidence has been shown that the HCQIA requirements will not be met in

7

good faith. Therefore, the district court's denial of a preliminary injunction was not an abuse of discretion.

Therefore, having found no state action or bad faith in LPMA conducting the ethics investigation, we AFFIRM the dismissal of Doe's Section 1983 and Religious Freedom Restoration Act claim, and deny any injunctive relief.

AFFIRMED.