**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-10398
(Summary Calendar)

_____

JOSE L. SAUCEDA

                                                    Plaintiff-Appellant,

versus


TEXACO INC., doing business as Texaco
Exploration and Production, Inc.

                                                    Defendant-Appellee.

---------------------------------------------

RUBEN FELAN,                                        Plaintiff,

versus

TEXACO, INC., doing business as Texaco
Exploration and Production, Inc.

_____

Appeal from United States District Court
for the Northern District of Texas
(94-CV-77-C)

_____

December 4, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

   [*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Jose L. Sauceda ("Sauceda") appeals the district court's granting of summary judgment. Sauceda filed suit under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e, et. Seq., for discriminatory hiring practices. Sauceda established a prima facie case of discrimination, and Texaco rebutted by giving a nondiscriminatory reason for not hiring Sauceda. The district court granted summary judgment after Sauceda was unable to present evidence that Texaco's explanation was a pretext for racial discrimination. For the following reasons we affirm the decision of the district court.

## FACTS

Jose L. Sauceda, a Hispanic male, filed suit against Texaco alleging a violation of Title VII for Texaco's failure to hire Sauceda. Prior to August 1, 1993, Sauceda was an Operator A for Oryx Energy Company ("Oryx") at the Synder gas processing plant ("Synder") in Synder, Texas. On August 1, 1993, Texaco assumed operation of Synder. When Oryx ceased operations, all employees, including Sauceda, were terminated. However, Texaco offered the terminated employees the opportunity to interview for a job with Texaco. Sauceda was interviewed by Lance Brzowski and during the interview was asked technical questions related to the Operator A position, some of which he was unable to answer.[1] On the basis of this interview Mr. Brzowski recommended Sauceda not be hired by Texaco. Sauceda was one of three former Oryx employees not hired.[2] Sauceda, along with Ruben Felan ("Felan"), another former Oryx employee, filed suit alleging discriminatory practices by Texaco on the basis of the interview, their failure to get hired, and Texaco's elimination

---

[1]Sauceda admits that he did not answer some of the questions correctly.

[2]The three employees not hired were a white male and two Hispanic males.

of the Operator A position.[3] Texaco moved for summary judgment on the basis that its reason for not hiring Sauceda or Felan was strictly as a result of the interviews. Although the district court was satisfied that Sauceda and Felan established a prima facie case of discrimination, it granted summary judgment for Texaco because its nondiscriminatory explanation for failing to hire Sauceda and Felan was not rebutted by any evidence that the proffered reason was a pretext for discrimination. Only Sauceda appeals the district court's decision.

## DISCUSSION

### A. STANDARD OF REVIEW

We review a grant of summary judgment de novo, applying the same standard used by the district court. We must review the facts drawing inferences most favorable to the non moving party. Elliot v. Lynn, 38 F.3d 188, 190 (5th Cir. 1994). Without weighing the evidence, the record is searched for resolution determinative factual disputes. FDIC v. Myers, 955 F.2d 348 (5th Cir. 1992). Thus, summary judgment is only proper when the summary judgment proof shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986).

The Supreme Court has found that the movant does not have to produce evidence negating a genuine issue of material fact; instead, the moving party's burden is satisfied by presenting proof that there is "an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. However, once the moving party meets its rule 56 (c) burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec.

---

[3]Eight of the forty-four employees Texaco hired were Hispanic.

Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Moreover, the non-movant "may not rest upon the mere allegations or denials of his pleading, but his response ... must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty, Inc., 477 U.S. 242, 248 (1986).

## B.  PRIMA FACIE CASE OF INTENTIONAL DISCRIMINATION

The plaintiff in an employment discrimination suit must follow the three step burden shifting framework articulated in McDonnell Douglas Corp v. Green, 411 U.S. 792 (1973). The plaintiff must first establish a prima facie case of discrimination. In order to establish a prima facie case of employment discrimination under Title VII, the employee must present enough evidence to infer that the employer unlawfully discriminated against them. Specifically, the evidence must show that: 1) the person is a member of a protected class, 2) he is qualified for the job, 3) despite his qualifications, a decision was made that adversely affected his job, and 4) either his position was filled by someone else outside of the protected group, or non-members received more favorable treatment because of their status as non-members of the protected class. McDonnell Douglas, 411 U.S. at 802. Once the prima facie case is established, the burden then shifts to the employer to provide a nondiscriminatory reason for its action. Id. If the employer does so, the employee must then show that the reason articulated was false and merely a pretext for discrimination. Id. at 804-05; Saint Mary's Honor Center v. Hicks, __ U.S. __, 113 S.Ct. 2742, 2752 (1993). The district court found credible evidence from Sauceda to establish a prima facie case of discrimination. However, the court also found Texaco's evidence sufficient to rebut the prima facie case.

## C.  ESTABLISHING A PRETEXT

4

The district court did not find sufficient evidence by Sauceda on the issue of a pretext. We agree. Once Texaco articulated a nondiscriminatory reason for not hiring Sauceda, it was Sauceda's burden to refute the validity of the reason by showing it was a pretext for intentional racial discrimination. McDonnell Douglas, 411 U.S. at 804-05. This is proven either directly by persuading the court that a discriminatory reason more likely than not motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. Little v. Republic Refining, 924 F.2d 93, 96 (5th Cir. 1991). To begin with, Sauceda erroneously argued that summary judgment is inappropriate in an employment discrimination case. The mechanism of summary judgment is utilized to dispose of cases that do not present enough of a factual dispute to warrant adjudication. Merely stating that one disagrees with another's contentions is not sufficient to prevent summary judgment. Anderson, 477 U.S. at 248. Furthermore, this court has previously held that summary judgment is appropriate in cases where a defendant's state of mind is at issue. Bodenheimer v. PPG Industries, Inc., 5 F.3d 955, 956 (5th Cir. 1993)(affirming summary judgment in favor of employer in ADA suit). Accordingly, we hold that this argument is meritless.

**1. Discriminatory motive.**

Both Texaco and Sauceda agree that Sauceda was given a job interview and during the interview was unable to answer technical questions related to the performance of the job. Where Texaco and Sauceda disagree, is the motive behind Texaco not offering Sauceda a position after the interview. Sauceda attempts to forward the argument that this court has held that an issue is "genuine if there is evidence so that a reasonable jury could return a verdict for the non-moving party." See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1413 (5th Cir. 1993)(holding mere disagreement is not enough, evidence must be such that jury could return a verdict for nonmoving

party ). Sauceda further argues that his 1 ½ years of experience in the Operator A position while at Oryx, shows that Texaco was discriminating by not hiring him. We disagree. Mere job experience does not necessarily correlate with a right to a job. This contention, though sincere, is not sufficient evidence to create a genuine issue of fact, when you consider the interview. Therefore, we cannot conclude that a discriminatory reason more likely than not motivated Texaco to not hire Sauceda.

### 2. Credibility of Explanation.

Texaco urgently needed employees, however, they did not want to compromise job skills or ability. The method they chose to fill their positions was to ask technical questions related to the job and tender job offers on the basis of the answers to those questions. This hiring practice only discriminates on a person's technical expertise, and nothing more.[4] Sauceda may not agree with this hiring practice, but it is perfectly legal and within Texaco's prerogative to implement. Likewise, the reasons given by Sauceda do not raise a genuine issue of fact regarding a pretext, since it merely states his opinion why he believes he was not hired. See Britt v. The Grocers Supply, 978 F.2d 1441, 1450 (5th Cir. 1992)(Stating remarks from striking employees about why they were replaced, without evidence of a pretext, were not enough to create genuine issue). A mere subjective belief of discrimination, without more, cannot be the basis of judicial relief. Little, 924 F.2d at 96. Under the Matsushita rationale, Sauceda must do more than simply show that there is some metaphysical doubt as to the material facts. 475 U.S. at 586. Sauceda must set forth specific facts showing that there is a genuine issue for trial. However, we fail to see what facts presented would be sufficient to prevent

---

[4]Sauceda argues that the "court failed to recognize the single interview by a single Texaco employee for what it should have been referred as: an assessment of a Hispanic male's technical vocabulary skills." However, he does not present any evidence that suggests that his speaking ability was a basis for discrimination.

summary judgment. According to Texaco's hiring standards, Sauceda was not qualified for a job with them. We do not try in court the validity of a good faith belief as to an employee's competence; motive is the issue. Little, 924 F.2d at 97. The fairness in Texaco's hiring practice is not for us to resolve today. In sum, Sauceda has fallen short of his obligation to provide facts which, if believed, would show that Texaco had a discriminatory reason for not hiring him. Accordingly, we hold that the district court was proper in granting summary judgment in favor of Texaco.

## CONCLUSION

We conclude that Sauceda failed to provide sufficient evidence on which a reasonable trier of fact could find that Texaco's proffered explanation is a pretext for discrimination, i.e., Sauceda did not raise a genuine issue of material fact. Furthermore, we are satisfied that the findings of the district court are consistent with Supreme Court and Fifth Circuit jurisprudence. Therefore, we AFFIRM the district court's grant of summary judgment.