REVISED - May 20, 1998

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No. 97-60192

---

JAY O. HOLLIS, Estate of
Deceased; INEZ C. HOLLIS,
Administratrix of the Estate
of Jay O. Hollis; JAY L. HOLLIS;
WILLIAM C. HOLLIS; SHELAH H.
PATTERSON; CANDACE H. JENKINS,

                              Plaintiffs-Appellants,

                    versus

AMERICAN AIRLINES, INC.,
ET AL.,

                              Defendants,

AMERICAN AIRLINES, INC.,

                              Defendant-Appellee.

---

Appeal from the United States District Court
for the Southern District of Mississippi

---

April 29, 1998

Before JOLLY, WIENER and STEWART, Circuit Judges.

PER CURIAM:

This appeal arises from a case that probably should never have been filed in the first place and most certainly should never have been appealed to this court. Our review of that which has been appealed by the estate, the administratrix, and the survivors of the late Mr. Hollis (collectively, "Appellants"), reveals a

combination of issues that we either (1) have no jurisdiction to consider because Appellants failed timely to file notices of appeal, or (2) are so lacking in legal merit that they are frivolous as a matter of law. Rather than affirming those rulings of the district court over which we may exercise jurisdiction, we dismiss this appeal as frivolous and order Appellants and their counsel to show cause why damages and costs should not be imposed.

I

The decedent, Mr. Hollis, boarded American Airlines, Inc.'s ("American") Flight 675 bound for Jackson, Mississippi, on May 14, 1988, but suffered a heart attack while the flight was en route. The flight attendants notified the aircraft's captain of the situation and he received clearance for a "straight-in approach" at Jackson International Airport. Emergency medical personnel boarded the plane immediately upon its arrival at the terminal and began attending to Mr. Hollis while the remaining twenty or so passengers, who were all seated forward of the decedent, disembarked through the front. After completing their initial ministrations, the medical personnel assisted Mr. Hollis from the plane via the rear stairway and into an awaiting ambulance on the tarmac. Unfortunately, Mr. Hollis died some four days later in a local Jackson hospital.

II

Appellants filed suit in April 1994 against American and several other defendants. Eventually, the district court pared the

case down to one defendant--American--and three state tort claims.[1] Appellants alleged that American: (1) negligently failed to request priority landing clearance at Jackson, (2) negligently allowed the other passengers to disembark before the deceased, and (3) negligently failed to allow the ambulance to park near the aircraft in Jackson. American sought dismissal of the three remaining claims and the district court granted its motion for summary judgment on March 7, 1997. Appellants timely appealed, attacking several of the court's evidentiary rulings along with the court's dismissal.[2]

## III

### A

Appellants' complaints implicating the striking of the three affidavits and the curtailment of discovery are so lacking in merit as to be legally frivolous. Appellants waived or forfeited any right to complain about the striking of the McCrory affidavit by failing to contest American's motion to strike it. It follows that, inasmuch as the stricken McCrory affidavit formed the basis of the Roitsch and Murgo affidavits, they surely could not stand.

---

[1]Appellants attempt to appeal two of the orders that performed the paring work. The district court entered one order on May 11, 1995, and the second on April 29, 1996--both as final judgments pursuant to Rule 54(b). Appellants did not file a notice of appeal until after the district court's order of March 7, 1997, dismissing the case. We thus are without jurisdiction to address either the May 11, 1995, or the April 29, 1996 order. Fed.R.App.P. 3, 4.

[2]We review a grant of summary judgment de novo and the district court's evidentiary rulings for abuse of discretion. Folks v. Kirby Forest Indus., Inc., 10 F.3d 1173, 1181 (5th Cir. 1994); FDIC v. Myers, 955 F.2d 348, 349 (5th Cir. 1992).

3

The striking of those affidavits certainly does not constitute abuse of discretion.

Similarly, the district court's curtailment of discovery does not rise to the level of reversible abuse. The court's only limitation on Appellants dealt with the scope of discovery. Even a cursory look at the rulings of the district court regarding the discovery sought and its relevance to the sole remaining claims in the case eschews any possibility of abuse of discretion. Appellants' appeals of the evidentiary and discovery rulings of the district court are dismissed as frivolous.

B

We have reviewed the record as well as the rulings of the district court and the arguments of counsel as advanced in their appellate briefs and in their oral arguments to this panel. There simply are no genuine issues of material fact regarding actions or omissions for which they assert that American was responsible. It is obvious beyond question that the various decisions and judgment calls made on that fateful night, that Appellants accuse American of having made negligently, were simply not made by American; neither were they American's to make. Appellants' position on appeal--arguing that American has liability for such decisions--is so lacking in legal merit as to be frivolous as a matter of law.

Accordingly, we shall require Appellants and their counsel to show cause why they should not be sanctioned for the costs of this appeal, including attorneys' fees and expenses. They are therefore ordered to file with the Clerk of this court, within fifteen (15)

4

days after the filing of this opinion, their joint statement, not to exceed thirty (30) pages, advancing their reasons why we should not impose sanctions under Federal Rule of Appellate Procedure 38, or our inherent power, or any other applicable source of authority to do so. We invite American to submit for our edification, within the same time period, a sworn list of attorneys' fees incurred in connection with the instant appeal, detailing the reasonable hours expended by counsel and reasonable hourly rates charged, plus other direct costs incurred as appellee.

DISMISSED as frivolous at Appellants' cost; Appellants and Counsel on appeal ORDERED TO SHOW CAUSE why sanction for frivolous appeal should not be imposed.