**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 02-30137
Summary Calendar
_____

PATRICIA GILL, ET AL.,

Plaintiffs,

NEGRA VICTORIAN LANDRY, BRETT HARDY,

Plaintiffs-Appellants,

versus

ETHICON INC., ET AL.,

Defendants,

ETHICON INC., JOHNSON & JOHNSON, JOHNSON & JOHNSON HOSPITAL
SERVICES CORPORATION, JOHNSON & JOHNSON HEALTHCARE SYSTEMS INC.,
OWENS & MINOR INC., OWENS & MINOR MEDICAL INC.,

Defendants-Appellees.

_____
Appeal from the United States District Court
for the Western District of Louisiana
(No. 00-CV-2042)
_____
July 24, 2002

Before JOLLY, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-appellants Nedra Victorian Landry[1] and Brett Hardy appeal from the district court's judgment summarily dismissing their complaint. For the reasons that follow, we affirm.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Although the caption of the case identifies Ms. Landry's first name as "Negra," her correct first name is Nedra.

## I.   FACTS AND PROCEEDINGS

On July 28, 2000, the plaintiffs-appellants brought this suit in state court against the manufacturers and distributors of Vicryl sutures (collectively, "Ethicon"), asserting liability under the Louisiana Products Liability Act ("LPLA").  Essentially, Landry and Hardy allege that contaminated Vicryl sutures that were subject to a September 1994 recall were used for wound closure in their November 1994 surgeries at Lake Charles Memorial Hospital (the "Hospital") and caused post-operative infections.

Ethicon removed the case to federal court on diversity grounds.  By order entered April 20, 2001, the district court set a trial date of March 25, 2002, and established a late December 2001 deadline for the completion of discovery and the filing of dispositive motions.

Arguing that the plaintiffs-appellants could not prove that their injuries were caused by a defective condition as required by the LPLA, Ethicon filed a motion for summary judgment on November 13, 2001.  Thereafter, the clerk of court notified the parties that the motion would be decided "on or before the next regular motion day which is December 12, 2001."  Landry and Hardy filed an opposition to the motion on December 7, nine days after it was due.  In their opposition, they relied on the affidavits of Roger Burgess, their counsel of record who attached to his affidavit deposition testimony and documents produced in a similar case then pending in a Texas district court, and Frederick Hetzel, an expert

witness whose involvement in the case had not been previously disclosed to Ethicon. Ethicon moved to strike both affidavits on December 14. Landry and Hardy did not file an opposition to the motion to strike.

The district court granted Ethicon's motion to strike on January 4, 2002. Then, on January 7, the court granted summary judgment to Ethicon, concluding that the "plaintiffs cannot prove that their injuries were caused by an unreasonably dangerous product." Landry and Hardy timely appealed, challenging the district court's evidentiary ruling as well as its summary dismissal.

## II. DISCUSSION

### A. Motion to Strike

Landry and Hardy argue that the district court erroneously granted Ethicon's motion to strike. They assert that the court should not have considered the motion because it was untimely, as it was filed two days after the hearing date on the summary judgment motion. Furthermore, they contend that neither of the stricken affidavits was deficient as a matter of law.

We decline to consider these arguments because Landry and Hardy failed to contest the motion to strike in the district court.[2] By failing to raise an objection in the district court,

---

[2] We note that the plaintiff-appellants' timeliness argument is completely disingenuous. Landry and Hardy filed their opposition to Ethicon's summary judgment motion nine days after the due date and just five days before the hearing date.

they waived or forfeited any right to object to the timeliness or the merits of Ethicon's motion to strike.  See Hollis v. American Airlines, Inc., 138 F.3d 1028, 1030 (5th Cir. 1998).  Therefore, we turn to the merits of the district court's summary judgment ruling.

### B.  Motion for Summary Judgment

Landry and Hardy argue that the district court improperly granted summary judgment to Ethicon, contesting the ruling both on the merits and on grounds of prematurity.  We review a grant of summary judgment de novo, applying the same standard as the district court.  Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).  Summary judgment is proper if there is no genuine issue as to any material fact.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Under the LPLA, a manufacturer is subject to liability only where the damage suffered by the plaintiff was "proximately caused by a characteristic of the product that renders the product unreasonably dangerous." La. Rev. Stat. § 9:2800.54(A).  As such, as part of their prima facie case, Landry and Hardy must prove that their injuries were proximately caused by a product shown to be unreasonably dangerous.  The district court found that Landry and

Pursuant to their argument, the district court should have disregarded their opposition in addition to the motion to strike.

4

Hardy failed to demonstrate a triable issue of fact on this essential element of their LPLA claim and accordingly granted summary judgment to Ethicon. It reasoned that because Landry and Hardy "cannot prove that the sutures they received were some of those subject to the Ethicon recall, nor can they prove the sutures were actually contaminated, . . . plaintiffs cannot prove that their injuries were caused by an unreasonably dangerous product." After reviewing the evidence properly before the district court, we agree.

The undisputed evidence in the record indicates that the Hospital returned all of the recalled sutures to Ethicon no later than October 18, 1994, several weeks before the plaintiffs-appellants' surgeries. Landry and Hardy have offered no contradictory evidence that would suggest that the sutures they received may have been part of the recalled lot. Nor have they come forward with any evidence that would indicate that the sutures they received were otherwise contaminated or defective. Accordingly, we conclude that summary judgment was appropriate on this record.

We also reject the plaintiffs-appellants' contention that summary judgment was premature. Ethicon's motion for summary judgment was filed just over a month before the December deadline for discovery and the filing of dispositive motions, which had been set in anticipation of the approaching March 2002 trial date.

5

Ethicon states, and Landry and Hardy do not contest, that in the approximately eighteen months that this case was pending in the district court, Landry and Hardy never propounded interrogatories, requests for production of documents, or requests for admission, nor did they ever notice a deposition. In these circumstances, we cannot accept the plaintiff-appellants' contention that they were not afforded a sufficient opportunity to undertake discovery; rather, we are convinced that the plaintiff-appellants' failure to adequately respond to the summary judgment motion was the consequence of their dilatory conduct.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.