**DENY; and Opinion Filed October 22, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01035-CV

## IN RE THOMAS A. KING, Relator

**Original Proceeding from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-00881-2015**

# OPINION

Before Justices Francis, Myers, and Schenck
Opinion by Justice Schenck

This petition for writ of mandamus arises from a suit filed in the district court in Collin County seeking monetary relief in excess of $100,000, but not more than $200,000. Relator filed this petition for writ of mandamus requesting that this Court compel the trial court to vacate an order of August 11, 2015, by which it denied relator's plea in abatement and refused to order the case transferred to Harris County Justice Court Precinct 1, Place 2. We deny the petition.

## Background

This case involves a gun in exchange for the design of a website deal gone badly. When Thoroughbred Rifles, LLC and its owner, Thomas Dale Trout, allegedly failed to deliver the promised rifle, relator initiated suit on December 11, 2014, in a Harris County justice court seeking damages of less than $10,000. On March 5, 2015, Thoroughbred and Trout initiated their own suit concerning the same transaction against relator in a Collin County district court seeking damages in excess of $100,000, but not more than $200,000. Relator filed a plea in

abatement in the Collin County case, urging Harris County had dominant jurisdiction.[1]  The

district court denied the plea and relator is before this Court seeking mandamus relief.

## Discussion

To be entitled to mandamus relief, a relator must ordinarily demonstrate the trial court

has clearly abused its discretion and that relator has no adequate appellate remedy.  *In re*

*Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).  As detailed below,

we conclude relator has not established that the trial court abused its discretion in declining to

abate or transfer the case.

This case requires us to square a plaintiff's right to choose his forum with the complex

jurisdictional regime governing our many courts of original jurisdiction.  We begin with the

Supreme Court of Texas's decision in *Cleveland v. Ward*, 285 S.W. 1053 (1926), the seminal

Texas authority delimiting the contours of the doctrine of dominant jurisdiction.

### Dominant Jurisdiction and the Obligation to Abate a Second-Filed Suit Addressing the Same Claim

Under *Cleveland*, the court in which a case is first filed has jurisdiction over the

controversy between the parties insofar as the court's jurisdiction permits, including compulsory

claims or aspects of claims and defenses that ought to be resolved as part of a single litigation.

*Id*. at 1069.  In other words, if the parties in two cases filed in different courts are the same, and

if the same claim is presented in both cases, then the court in which the case was first filed

acquires dominant jurisdiction to the limit of its authority.  *Id*. ("When suit was filed in the

Johnson county district court, the jurisdiction of that court attached, with power on the part of the

court to permit the pleadings to be amended and amplified, new parties to be made, to determine

---

[1]     Dominant jurisdiction applies when venue is proper in two or more Texas counties or courts. *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 622 (Tex. 2005).

all essential questions, and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted district courts under established principles of law.")

As a general matter, the court with dominant jurisdiction over the claim should proceed, while the court in which the second-filed suit is pending should abstain and abate the action. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247–48 (Tex. 1988). The reasons for abatement include conservation of judicial resources, avoidance of delay, and "comity, convenience, and the necessity for an orderly procedure in the trial of contested issues." *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001) (orig. proceeding) (quoting *Wyatt*, 760 S.W.2d at 248). Vigilant application of the principle of dominant jurisdiction "prevent[s] races from court to court by vigilant counsel." *Id.* (quoting *Cleveland,* 285 S.W. at 1070). While proceeding in the face of a subject-matter-jurisdiction deficiency is correctable on direct appeal even if not raised in the trial court, the dominant-jurisdiction issue may be waived if it is not timely asserted. *Gordon v. Jones*, 196 S.W.3d 376, 384 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In addition to timely seeking abatement, to prevail on a motion to abate in a second-filed suit, a movant must establish: (1) a suit in another court was commenced first; (2) the first-filed suit remains pending; (3) the first-filed suit does include, or could be amended to include, all of the parties; and (4) the controversies are the same or the first-filed suit could be amended to include all of the claims. *See Wyatt*, 760 S.W.2d at 247; *In re ExxonMobil Prod. Co.*, 340 S.W.3d 852, 856 (Tex. App.—San Antonio 2011, orig. proceeding). Where a claim asserted in a second-filed case is outside the jurisdictional limit of the court in the first-filed case, however, it is beyond the first court's reach, and the court in which suit was first filed cannot assert dominant jurisdiction over it. *See*, *e.g.*, *H & S Supply Co. v. Oscar Renda Contracting, Inc.*, No. 02-02-00093-CV, 2003 WL 1897584, at *3 (Tex. App.—Fort Worth Apr. 17, 2003, no pet.) (per curiam) (mem. op.); *see also Pinckard v. Associated Popcorn Distrib., Inc.*, 611 S.W.2d 491, 492

(Tex. Civ. App.—Dallas 1981, no writ) (second case filed in court of general jurisdiction allowed to proceed alongside first case filed in court of limited jurisdiction that could not have reached the claim asserted in the second-filed case).

### *Dominant Jurisdiction as Affected by the Prospect of Intra-County Transfer*

In this case, relator does not assert that the Collin County district court lacks subject-matter jurisdiction or that venue is mandatory in Harris County, issues for which mandamus might be proper. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West 2002); *Quest Microwave Inc. v. Bedard*, 756 S.W.2d 426, 433 (Tex. App.—Dallas 1988, orig. proceeding). Instead, relator claims that the first-filed Harris County justice court has dominant jurisdiction over the controversy in full, making the Collin County court's denial of the plea in abatement error potentially subject to mandamus correction. We will address those questions separately.

The question of whether two separately filed cases involving a single transaction or occurrence implicates the dominant jurisdiction of the first-filed court is not necessarily a simple one. By virtue of the regrettable complexity of the jurisdiction of our many courts of original jurisdiction, *see In re Reece*, 341 S.W.3d 360, 381–85 (Tex. 2011) (orig. proceeding) (Willett, J., concurring), the determination of whether two cases might or must proceed before the same court is often less clear than one might imagine. This case illustrates the point.

Texas justice courts are granted original jurisdiction over civil matters in which exclusive jurisdiction is not in the district or county court and in which the amount in controversy is not more than $10,000, exclusive of interest. TEX. GOV'T CODE ANN. § 27.031 (West Supp. 2014). A counterclaim is not within the justice court's jurisdiction when the amount in controversy would exceed the maximum allowed in that court, even when it arises from the same transaction or occurrence and would otherwise be treated as compulsory. *Smith v. Clary Corp.*, 917 S.W.2d

796, 798 (Tex. 1996) (citing 2 MacDonald Texas Civil Practice § 9:77 (2d ed. 1992)).  Thus, the first-filed justice court suit in Harris County, based on the jurisdictional limitations of that court, cannot properly be amended to pursue the claim asserted in the Collin County district court suit.

Sensitive to this complication, relator presses a novel argument: that the real parties in interest nevertheless might have attempted to plead their claim in the justice court suit, and, had they done so, the justice court might have properly transferred the case to a county court in Harris County that would have subject matter jurisdiction over the suit in full.[2]  *See* Tex. Gov't Code Ann. § 74.121 (West 2013).  In essence, relator poses the issue of dominant jurisdiction as one focused on counties rather than the courts within them.  While we observe that the case-law and the operative rules speak to "courts" rather than "counties,"[3] we do not believe this case requires us to resolve this issue at this time.

### *Mandamus as a Remedy for Contingent, Anticipatory Dominant Jurisdiction*

While it might well be argued that a court lacking jurisdiction over a claim could nonetheless be empowered to effect a transfer to a court with jurisdiction—a potentially vexing legal question in itself[4]—the relator must still show a clear abuse of discretion to warrant mandamus intervention.  Even in the face of a present and identified conflict over dominant jurisdiction, our sister courts have split on the question of whether the considerations articulated

---

[2]    The county court would have jurisdiction to be sure. Tex. Gov't Code Ann. § 25.0003(c)(1) (West Supp. 2014) (granting statutory county courts exercising civil jurisdiction concurrent jurisdiction with district court in civil cases in which matter in controversy exceeds $500 but does not exceed $200,000, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs).

[3]    *E.g.*, Tex. R. Civ. P. 97(a); *Cleveland*, 285 S.W. at 1070 ("Since the Johnson county court is a court of competent jurisdiction . . . and since it is evident that all questions necessarily or properly involved will be settled in that case, and that its judgment will be *res judicata*, . . . it follows that the Dallas County court is abated . . . ."); *Ex Parte Lillard*,  314 S.W.2d 800 (Tex. 1958) (addressing dominant jurisdiction inquiry to conflict between courts of "coordinate power"); *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974) (same).

[4]    To be sure, "jurisdiction is a word of many, too many, meanings." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510 (2006) (confessing that "[t]his court, no less than other courts, has been profligate in its use of the term").  Some restrictions on the judicial power described as "jurisdictional" are nonetheless subject to waiver if not raised in the trial court, like the dominant jurisdiction issue itself or personal jurisdiction; others are structural and, even left unnoticed in the proceeding, will render a resulting judgment subject to collateral attack.  Whether any of the impediments described colloquially as "jurisdictional," would leave a court "with no choice but to dismiss the case," *Stauffer v. Nicholson*, 438 S.W.3d 205, 214 (Tex. App.—Dallas 2014, no pet.), or allow the court to transfer it to another court of competent jurisdiction, are issues we will not decide here.

in the supreme court's *Prudential* decision compel the conclusion that mandamus relief should be available to remedy a refusal to abate the second case where neither court has taken action to interfere with the other. *Compare In re Puig*, 351 S.W.3d 301, 306 (Tex. 2011) (orig. proceeding) (suggesting in dictum that failure to recognize dominant jurisdiction amounts to an incidental ruling that may not compel correction by mandamus) and *In re Brown*, No. 06-10-00108-CV, 2010 WL 4880675, at *2 (Tex. App.—Texarkana Nov. 30, 2010, orig. proceeding) (mem. op.) (finding that because the mandamus record did not reveal any interference by the Gregg County court upon the proceedings in the Harris County court, relators had an adequate remedy by appeal); *with ExxonMobil*, 340 S.W.3d at 858 (granting mandamus review finding ExxonMobil did not have an adequate remedy by appeal). We need not enter this fray at this juncture, as we conclude, based on the facts here, that the trial court did not abuse its discretion in declining to abate this case because the dominant jurisdiction issue here is premised on hypothetical prospective developments.

This is not a case in which the real parties in interest have improperly chosen to file their claims in a court lacking jurisdiction over them. Rather, the initial question confronting the court below, and this Court in this original proceeding, is whether the district court in Collin County should have abated this case pending before it, which is within its subject-matter jurisdiction, in favor of the case pending in a justice court which would not presently have jurisdiction over the claim pending in Collin County if it had been pleaded as a counterclaim in that court. The power of the justice court to transfer such claims, had they been so improperly filed there in the first instance, is not the immediate question. Rather, the question is whether the justice court could acquire dominant jurisdiction over a claim, or more precisely part of a claim,[5] despite the fact

---

[5] For purposes of evaluating dominant jurisdiction issues, a "claim" ordinarily includes all theories and causes of action that arise from the same transaction or occurrence. *See Cleveland*, 285 S.W. at 1070.

that the justice court's only competence over it would be the debatable right to order a transfer to a court of competent jurisdiction which, in turn, might or might not accept it. TEX. GOV'T CODE ANN. § 74.121 (West 2013) ("The judges of . . . statutory county courts, justice courts, and small claims courts in a county *may* transfer cases to and from the dockets of their respective courts, except that *a case may not be transferred from one court to another without the consent of the judge of the court to which it is transferred* and may not be transferred unless it is within the jurisdiction of the court to which it is transferred.") (emphasis added).

As it stands, the claim of the real parties in interest is not now, nor has it been, asserted in the Harris County justice court. While the relator urges that the Collin County claim is a necessary part of the pending case in Harris County and thus properly part of that case, that could only be accomplished by treating it as a compulsory counterclaim.[6] The operative rule defining compulsory counterclaims begins with the requirement that the claim be "within the jurisdiction of *the court.*"[7] Correspondingly, a final judgment of a court that lacks jurisdiction over an unlitigated counter-claim arising out of the same transaction or occurrence does not bar the later assertion of that unlitigated part of the claim. *See Hennig v. Didyk*, 438 S.W.3d 177, 190 (Tex. App.—Dallas 2014, pet. denied). This is especially true of judgments rendered in our justice courts: "A judgment or a determination of fact or law in a proceeding in small claims court or justice of the peace court is not res judicata and does not constitute a basis for estoppel by judgment in a proceeding in a county court or statutory county court, except that the judgment rendered is binding on the parties thereto as to recovery or denial of recovery." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.005 (West 2008). The Collin County claim cannot be a

---

[6] *See* RESTATEMENT (SECOND) OF JUDGMENTS § 21(2) (AM. LAW INST. 1982) ("Where judgment on a counterclaim is rendered in favor of the defendant, but he is unable to obtain full recovery in the action because of the inability of the court to render such a judgment and the unavailability of such devices as removal to another court or consolidation with another action in the same court, the defendant is not precluded from subsequently maintaining an action for the balance due on the claim stated in the counterclaim.")

[7] TEX. R. CIV. P. 97(a); *Wyatt*, 760 S.W.2d at 245.

compulsory counterclaim in the Harris County justice court because that claim is not within the jurisdiction of that court.

The district court here was faced with a claim within its jurisdiction and an earlier-filed case that did not, and could not, properly include the claim. At the time of the hearing on the motion to abate the Collin County case, the prospect of the Harris County justice court transferring the case pending there to another court within Harris County remained hypothetical and dependent on the discretion of two courts in agreeing to a transfer. Under these circumstances, we can find no abuse of discretion by the district court in denying relator's motion to abate.

We deny the petition for writ of mandamus.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

151035F.P05