

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00254-CV

———————————————

IN RE JAVIER CAHUE, Relator

———————————————

Original Proceeding
County Court at Law No. 3 of Tarrant County, Texas
Trial Court No. 2019-004706-3

———————————————

Before Gabriel, Kerr, and Bassel, JJ.
Memorandum Opinion by Justice Gabriel

# MEMORANDUM OPINION

## I.  INTRODUCTION

Relator Javier Cahue is the plaintiff in a suit arising out of a January 2019 multi-vehicle accident.  He filed his suit in a Dallas County district court.  On the motion of real party in interest Stephanie Ortiz, respondent Judge Mike Hrabal consolidated Cahue's suit into Ortiz's previously filed suit, which arose out of the same car accident and was pending in Judge Hrabal's court.  Judge Hrabal presides over County Court at Law No. 3 of Tarrant County.  Cahue asserts that Judge Hrabal abused his discretion by interfering with the Dallas County court's jurisdiction over his suit and by consolidating Cahue's case with the Tarrant County suit because, while both counties are permissible venues, the Tarrant County court does not have jurisdiction over Cahue's claims because the amount in controversy in Cahue's suit is outside the jurisdictional limit of that court.  We agree that the Tarrant County court does not have jurisdiction over Cahue's suit, and Cahue is entitled to mandamus relief.

## II.  BACKGROUND

### A.  THE TWO SUITS

On June 20, 2019, Ortiz sued Classic Shuttle Acquisition Corp., Abraham Asresu Abay, and Cahue in County Court at Law No. 3 of Tarrant County; she later added Veronica Villegas as a defendant.  Ortiz pleaded for damages of an amount not more than $200,000.

On April 3, 2020, Cahue sued Ortiz, Classical Shuttle, Abay, and Villegas in the 160th District Court of Dallas County.[1]  Cahue's petition alleged that he was seeking "monetary relief in a sum greater than $1,000,000."

## B.  CONSOLIDATION

In May 2020, Ortiz filed in the Tarrant County court a motion to consolidate the two suits on the basis that the two actions involved the same parties, issues of law and fact, and liability evidence, and that her suit had been filed first.  She filed a notice of her motion in the Dallas County court.  On June 17, 2020, the Tarrant County court granted the motion and ordered that Cahue's Dallas County suit be consolidated into Ortiz's suit under cause number 2019-004706-3.[2]

On July 16, 2020, Cahue filed a special appearance and plea in abatement in the Tarrant County action,[3] arguing that because he had pled damages in excess of

---

[1]Both suits alleged that the accident occurred on State Highway 183 and that Ortiz was driving ahead of Cahue and Abay when another vehicle (which Cahue alleged was driven by Villegas) switched into her lane in front of her vehicle; that Abay's vehicle hit the back of Cahue's vehicle; and that Cahue's vehicle hit the back of Ortiz's.  Both suits further alleged that Abay was at the time an employee of Classic Shuttle.  Both suits asserted negligence claims against the respective defendants.

[2]The case information sheet filed by Cahue states that the Tarrant County court held a hearing on the motion on June 17, 2020, and that "Dallas P did not appear." However, the trial court's consolidation order states that the court had "heard the . . . argument of counsel for all parties."

[3]The day before, Cahue had filed in the Dallas County court an objection and response to Ortiz's notice of her motion to consolidate, asserting that Cahue had not received notice of the motion and that the motion was not properly before either the Tarrant County court or the Dallas County court because Texas Rule of Civil

3

$1 million, the Tarrant County court did not have jurisdiction over his claims "and as such cannot hold dominant jurisdiction." He asked the Tarrant County court to abate Ortiz's suit "so that the case can proceed in the court with dominant jurisdiction." The record filed by Cahue does not include an order, if any, on the special appearance. However, on July 24, 2020, the trial court signed an amended consolidation order, which added Brianna Marie Villegas to the style of the case.

## III.  JURISDICTION OF THE TARRANT COUNTY COURT

The two suits arise out of the same vehicle accident and involve the same parties, and Ortiz filed her suit first. When two suits pending in separate courts are inherently related, "[t]he general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts." *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding) (quoting *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974)); *In re King*, 478 S.W.3d 930, 933 (Tex. App.—Dallas 2015, orig. proceeding).

But the dominant jurisdiction doctrine operates to determine proper *venue* and does not confer subject-matter jurisdiction over an action. *Gordon v. Jones*, 196 S.W.3d 376, 382–83 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Thus, the doctrine has no application when the court of the first-filed suit does not have jurisdiction over the

Procedure 174 does not permit a court to transfer and consolidate cases pending before other courts. The mandamus record does not include any ruling by the Dallas court on this filing. However, Cahue filed a "case information" page for the suit, which reflects that the trial court has closed that case.

second-filed suit; "[w]here a claim asserted in a second-filed case is outside the jurisdictional limit of the court in the first-filed case, . . . it is beyond the first court's reach, and the court in which suit was first filed cannot assert dominant jurisdiction over it." *King*, 478 S.W.3d at 933.

County Court at Law No. 3 of Tarrant County has jurisdiction over "civil cases in which the matter in controversy exceeds $500 and does not exceed $200,000, excluding mandatory damages and penalties, attorney's fees, interest, and costs." Tex. Gov't Code Ann. § 25.2222(b)(1). Cahue pleaded an amount in controversy in excess of $200,000. Accordingly, the Tarrant County court does not have jurisdiction over Cahue's suit. *See King*, 478 S.W.3d at 934–35.

## IV. AVAILABILITY OF RELIEF

Cahue is entitled to mandamus relief from the trial court's amended consolidation order.[4] Mandamus relief is generally proper when, as here, the trial court lacks subject matter jurisdiction over the underlying proceeding, "and in such a case, a relator need not establish that [he] lacks an adequate remedy by appeal." *In re*

---

[4]Cahue asks this court to vacate both consolidation orders. However, the trial court's original consolidation order was replaced by the amended consolidation order and is therefore no longer in effect. *See City of Houston v. Dolcefino Commc'ns, LLC*, No. 01-17-00979-CV, 2018 WL 5539447, at *3 n.8 (Tex. App.—Houston [1st Dist.] Oct. 30, 2018, no pet.) (mem. op.) (stating that trial court's amended order rendered the court's previous order moot, and thus confining its discussion to the amended order); *cf. In re Grande Garbage Collection Co., LLC*, No. 04-16-00450-CV, 2016 WL 5922394, at *1 (Tex. App.—San Antonio Oct. 12, 2016, orig. proceeding) (mem. op.) (reviewing only an amended order, which replaced the initial order).

*St. Thomas High Sch.*, 495 S.W.3d 500, 514 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (quoting *In re Footman*, No. 03–15–00477–CV, 2015 WL 7164170, at *2 n.1 (Tex. App.—Austin Nov. 10, 2015, orig. proceeding) (mem. op.)). Further, because any judgment in Cahue's case would be void, *see Interest of D.S.*, 602 S.W.3d 504, 512 (Tex. 2020); *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005), permitting the case to proceed in the Tarrant County court would necessarily cost the parties and the public "the time and money utterly wasted enduring eventual reversal of [the] improperly conducted proceedings.'" *In re J.B. Hunt*, 492 S.W.3d at 299 (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004), and discussing, in the context of dominant jurisdiction, whether a relator has an adequate remedy by appeal when a trial court erroneously denies a plea in abatement); *cf. In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding) (granting mandamus relief from new trial order entered after the trial court's plenary power expired because "the trial court had no power to grant the new trial," its order doing so was therefore void, and "any subsequent retrial would be a nullity"). Accordingly, mandamus is proper.

## V. CONCLUSION

We conditionally grant Cahue's requested relief. We order the trial court to vacate its order consolidating Cahue's case into cause number 2019-004706-3. Our August 18, 2020 order staying the trial court's consolidation order will be automatically lifted when the trial court vacates the consolidation order.

We are confident that the trial court will act in accordance with this opinion. The writ will issue only if the trial judge fails to do so.

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered: September 15, 2020